JAMES W. FINLEY, Administrator, etc., Respondent, v. SAMUEL S. BENT, as sole surviving Executor and Trustee, Appellant.

Where a legacy is directed to be paid at a specified time after the testator's death, with a limitation over to take effect in case of the death of the legatee before payment, the limitation does not take effect if the legatee lives to become entitled to the legacy, although he die before it has been actually paid.

The will of B. gave his residuary estate to his executors in trust, with directions to sell all of his real estate, and after investing a sum specified for the benefit of the testator's wife, to divide without delay, after his decease, the remainder of the residue into three shares, one for each of his three children, each share to be invested and the income to be paid to the beneficiary. After deducting previous payments of installments from the principal the balance of each share was directed to be paid to the beneficiary at the expiration of five years after the testator's death. The will then provided that in case of the death of either of his children "before the full payment of the whole of his or her share," so much thereof as remained unpaid should be paid to the lawful issue of the one so dying, if any, etc. A., one of the testator's said children, died more than five years after the death of the testator, leaving one child. At the time of her death a considerable portion of the testator's real estate remained undisposed of, and she had not received her share. In an action to compel the surviving trustee to perform the trust, *held*, that the direction to sell operated as a conversion of the real estate into personalty; that the shares given to the children vested at once upon the

death of the testator, subject to be divested as to so much of each share as within the meaning of the will remained unpaid in case of the death of the beneficiary; that the words "die before full payment," mean, not before actual payment, but before the share becomes actually payable; and that, therefore, the share of A. was not divested, but passed as part of her personal estate to her legal representatives, not to her child.

(Argued March 7, 1884; decided March 21, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made December 11, 1883, which reversed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff as administrator of the estate of Abby Finley, deceased, to compel defendant as sole surviving executor and trustee under the will of Thomas Bent, deceased, to carry out and perform the requirements of the will.

The material facts are stated in the opinion.

*John W. Boothby* for appellant. The plaintiff has no interest in the proceeds of the lands which he demands should be sold. (1 Bradf. 40–42; *Everitt* v. *Everitt*, 29 N. Y. 39; *Underhill* v. *Tripp*, 24 How. Pr. 51; *Pinney* v. *Fancher*, 3 Bradf. 198; *Johnson* v. *Crook*, L. R., 12 Ch. Div. 639.)

*John H. Clapp* for respondent. A limitation over, to take effect in case of the death of the legatee before he has received his share, does not take effect, if the legatee lives to become entitled to it, though he may die before it has been paid. (3 Jarman on Wills [5th Am. ed.], 672; *Manice* v. *Manice*, 43 N. Y. 303; *Gaskell* v. *Harman*, 6 Ves. 159; *In re Arrowsmith's Trusts*, 2 De G., F. & J. 474; *Hutchin* v. *Mannington*, 1 Ves. 366; *Martin* v. *Martin*, L. R., 2 Eq. Cas. 404.) Where the terms of a bequest import a gift, with a direction to pay at a subsequent time, the legacy vests and will not lapse by the death of the legatee before the time for payment has expired, but will pass to his personal representatives. (*Traver* v. *Shell*,

20 N. Y. 89; *Everitt* v. *Everitt*, 29 id. 39; *Loder* v. *Hatfield*, 71 id. 92; *Livingston* v. *Greene*, 52 id. 118; *Smith* v. *Edwards*, 88 id. 92; *Bushnell* v. *Carpenter*, 92 id. 270; *Warner* v. *Durant*, 76 id. 133.) Where the executors are directed to sell and convey land and distribute the proceeds at a certain future period among the children of testator, the conversion takes place immediately upon the death of testator, the chil-dren take as legatees, and upon the death of any one after such period and before actual conversion, it passes to the personal representatives. (*Fisher* v. *Banta*, 66 N. Y. 468, 477; *Horton* v. *McCoy*, 47 id. 21; *Warner* v. *Durant*, 76 id. 133.) The surrogate has no power to compel a sale of real estate except for the payment of debt, etc. (*Bevan* v. *Cooper*, 72 N. Y. 327.)

EARL, J. The testator, Thomas Bent, after making in his will certain dispositions of property, devised and bequeathed all the residue of his estate, real and personal, to his executors in trust, among other purposes, to sell and dispose of all his real estate as soon as they conveniently could after his decease, and to divide and dispose of the net proceeds of the residue in the manner directed. They were to invest and keep invested the sum of $10,000 for the benefit of his wife; and they were also directed without delay, after his decease, to divide the re-mainder of the residue of his real and personal estate into three shares, one for each of his three children, Samuel S., Elizabeth and Abby and to invest the same separately, one for each child; the investments to be made on bond and mort-gage on real estate, or in interest-bearing securities issued by the State of New York, or of the United States, and to pay the income thereof to the child for whose benefit the same was invested. At the expiration of one year from the time of his decease, they were to pay to each of his children, out of the principal of his or her share, the sum of $7,000, and at the ex-piration of two years after the first payment, they were in like manner to pay to each of his children the further sum of $5,-000, and at the expiration of five years after his decease,

they were to pay to each of his children the balance of his or her share respectively. The will then provided as follows: "Should either of my children die before the full payment of the whole of his or her share of such residue, then my executors shall pay the share of the child so dying, or so much thereof as shall then remain unpaid, to his or her lawful issue then surviving, and should such child have no lawful issue, then to pay over and divide his or her share then remaining unpaid to and among my children then living, and the lawful issue of such of them as may be then deceased, in equal proportions share and share alike, such issue to receive the same share their parents would have been entitled to if then living." The daughter Abby, who was the wife of the plaintiff, died more than five years after the decease of her father, leaving an infant son. At the time of her death, a considerable portion of the real estate left by the testator had not been converted; and no portion of that had been transferred to her. The question for our determination is, whether her interest in the proceeds of that real estate passed under the will to her son, or whether it passed as her estate to her personal representative, the plaintiff. The General Term of the Supreme Court held, reversing the judgment of the Special Term, that it did not pass to her son, but that it passed to the plaintiff as her personal representative; and we are of that opinion.

It is conceded that the direction contained in the will to the executors, to sell the real estate, operated as a conversion thereof into personalty, and hence for the purposes of this will, and its construction, and the devolution of the estate, it must be treated as personalty from the time of the testator's death. It is clear, from the language used, that the shares given to the children vested at once upon the death of the testator. The remainder of the proceeds of the residue of the real and personal estate was without delay, after the death of the testator, to be divided into three shares, one for each of his children; and one share was to be invested for each child. Each child was to have the income of the share thus invested and the principal was to be paid as directed from time to time.

But each share was liable to be divested, as to so much of the share as within the meaning of the will remained unpaid, in case of death before full payment. On the part of the appel- lant it is claimed that the words " die before full payment" mean before actual full payment, before the money is actually paid in hand to the child, whether it was payable or not. If that be the meaning, then within the case of *Johnson* v. *Crook* (L. R., 12 Ch. Div. 639), the contention of the appellant is sound, and the share upon the death of Abby passed under the will to her son. In the case cited there was a bequest of a share of residue, to K. and G., " but in case K. shall die before he shall have actually received the whole of his share, and without leaving issue living at his decease, then and in such case, and whether the same shall have become due and paya- ble or not, such part or parts as he shall not have actually re- ceived to be paid to G." K. died unmarried without having received any share of the residue; and it was held, that the gift over was not void for uncertainty, but took effect. In that case the master of the rolls cited many authorities and reached his conclusion after quite an elaborate criticism of them. On the other hand it is contended that the words " die before full payment of the whole" mean before the share becomes payable; and, therefore, inasmuch as the daughter died after the whole share was payable, the share was not divested, and passed as part of her estate and did not go over. The case last cited shows that such would be the construction given to this language in England; and the case of *Manice* v. *Man- ice* (43 N. Y. 303, 368) is an authority for holding that they should receive the same construction here; and there the gen- eral rule was laid down that " a limitation over, to take effect in case of the death of the legatee before he has received his share, does not take effect, if the legatee lives to become enti- tled to it, though he die before it has been paid." The words " full payment" must be held to have reference to the pay- ment of the installments which were required to be made; one installment at the end of one year, and another at the end of three years, and the balance at the end of five years. The

testator did not mean, according to the construction of such language given in the cases, that the bequest should go over, in case, for any reason, payment had been delayed beyond the five years; but it was only in case she died before any of it was payable, or after a portion of her share had been paid, and before full payment could be made, that it should go over.

While the intention of the testator is not entirely free from doubt, this construction seems to be most in accord with the authorities, and makes a definite rule which it is better and safer to follow.

We are, therefore, of the opinion that the General Term disposed of this case properly, and that its order should be affirmed and judgment absolute ordered against the appellant; costs of both parties, in the Supreme Court and in this court, to be paid out of the fund.

All concur.

Order affirmed and judgment accordingly.