1. WILLS (§ 732*)—PAYMENT OF MONEY LEGACIES—CHARGE ON REAL ESTATE.
    Unless the will shows an intent to charge money legacies on the realty, they are primarily payable from the personal property.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1802; Dec. Dig. § 732.*]

2. WILLS (§ 732*)—CONSTRUCTION—LEGACIES—CHARGE ON REALTY.
    Where testator's personal estate amounted to about $14,000, and the money legacies amounted to $7,700, and at the time of the execution of the will testator had no real estate, the personal estate should be applied towards the legacies ratably; the will showing no intent to charge them on the real estate.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1802; Dec. Dig. § 732.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the settlement of the account of John W. Thomas, executor of the will of Marian Davis. Decree rendered.

Ralph F. Smith, for executor.
William P. Pickett, special guardian.

KETCHAM, S. The question is presented whether or not the decedent's real estate was, either by her will or by the codicil thereto, made applicable to the payment of so much of certain general legacies of money as her personal estate might fail to pay. The legacies in the will amounted to $7,700. When the will was made, the testatrix had no real property. She then had personal property of the undoubted value of $11,175.38. In addition, she had in possession $2,-924.66, which was the subject of conflict, and which, after the making of the codicil, was adjudged not to belong to her.

The legacies were primarily payable from her personal estate, and must remain so, unless the intention is made manifest in the will or codicil that real estate of which she might become seised should be devoted to their payment. Briggs v. Carroll, 117 N. Y. 288, 22 N. E. 1054; McManus v. McManus, 179 N. Y. 338, 72 N. E. 235. This intention does not appear from the face of the will, nor can it be imported into it by the aid of circumstances attending its execution. There was no inadequacy of personal estate, such as would permit the implication that the testatrix contemplated real estate as a means for the discharge of the legacies. On the contrary, she had no real estate to contemplate, and the value of her personal estate was such as to forbid any finding that she regarded it as insufficient.

It is said that the intention to impress the payment of the legacies upon real estate is made to appear from the power of sale over real estate contained in the will and from the residuary clause therein, which commingles the real estate with the personalty. Either of these features may aid construction in this class of cases, but not unless they are found with an insufficiency of personal assets or some other fact extrinsic to the will which aids in its interpretation. Briggs v. Carroll, 117 N. Y. 288, 292, 22 N. E. 1054. It cannot be that the power of sale or the blending of the whole estate, by its own force and without resort to surrounding facts, reveals in the will an intention to burden the lands with the legacies.

But it is claimed that when the codicil was made the testatrix did not have personal property equal to the amount of her legacies, and that from this disparity it must result that she intended that the real property, which was then under contract, should aid in the payment of the legacies. Except as to one gift, the codicil did not modify the will. Whatever interpretation now yields as the express or implied meaning of the will, when executed, this codicil preserves and confirms. If, without the codicil, the will, judged by the conditions under which it was made, meant that the legacies were to be paid without resort to the lands, that was the will and that the meaning which the codicil recognized and reaffirmed.

No independent and individual intention to impress the legacies upon the land can be deduced from the codicil itself. It was made under

changed conditions, when by its own modification the legacies were reduced to $7,300 and the value of the personal estate conceded to be hers was $6,203.40. From this sum she was about to pay $1,200 upon the purchase of real estate. At that time her claim to the $4,387 had been adjudicated in her favor by the former surrogate, the next of kin had appealed from that determination, the administrator had withheld $4,500 from her share in her husband's estate to await the result of the appeal, and it cannot be found as a matter of fact that she distrusted the judgment which she had obtained and that she excluded the $4,500 from her estimate of her possessions.

If, therefore, $4,500, which by the decree of the court belonged to her, be regarded as a part of the resources which she considered applicable to the payment of her legacies, there was in her mind $9,503.-40 of personal assets for their discharge. There was no contrast, then, between the amount of the legacies and the value of her personal estate, from which it can be said, not only that there was a deficiency, but that her appreciation of it was such that she, therefore, must have devoted the real estate, which she was about to acquire to the discharge of the legacies. It is not the inadequacy of her personal possessions, but her recognition of it, which controls. But, even if the surroundings of the codicil were such that an intention to charge the real estate might have appeared, if an independent will had then been made, it remains that the codicil was not an independent instrument and was only an incident to the will; and a codicil can scarcely contradict the intention of a will which it confirms in all its provisions.

The decree should provide that the legacies be paid ratably from the personal estate.

Decreed accordingly.