UNITED STATES TRUST CO. OF NEW YORK v. DEMUTH et al.

(Supreme Court, Special Term, New York County. February 4, 1913.)

TRUSTS (§ 60*)—CONTINUATION OF TRUSTS—AGREEMENTS.

A depositor of a trust company provided by deed of trust that the trustee should pay the income of the deposit to a daughter of the depositor until her majority, and on her attaining majority the trustee should pay her all accumulations of income and one-fourth of the corpus, and on her attaining the age of 25 she should receive a similar payment of one-fourth of the corpus. The trustee, on the daughter reaching the age of 27, called the attention of the depositor to the fact that the daughter had not drawn the half of the corpus, and in reply the depositor inclosed a letter from the daughter directing the trustee to hold the entire trust fund. *Held*, that the transaction had the effect to continue the trust unimpaired.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 82; Dec. Dig. § 60.*]

Action by the United States Trust Company of New York against Leopold Demuth, as administrator of Aimee Smith, deceased, and others. Judgment rendered.

Stewart & Shearer, of New York City, for plaintiff.

Lachman & Goldsmith, of New York City, for defendant Leopold Demuth.

James T. Brady, of New York City, guardian for Robert L. Demuth.

Morton Stein, of New York City, special guardian for Edgar Demuth.

NEWBURGER, J. On the 21st day of May, 1886, one William Demuth deposited with the plaintiff $100,000, and by a deed of trust provided that the trustee pay the income to his daughter Aimee until her majority, and on the said Aimee attaining the age of 21 the trustee was to pay to her all accumulations of income and one-fourth of the capital of the trust property, and on her attaining the age of 25 she was to receive a similar payment of one-fourth of the capital. On March 26, 1909, plaintiff called the attention of the creator of the fund to the fact that his daughter Aimee, then 27 years old, had not drawn the one-half of the principal to which she was then entitled under the deed of trust. In reply the father wrote a letter to the plaintiff inclosing a letter from his daughter directing the plaintiff to hold the entire trust fund created for her benefit by her father. William Demuth died on the 26th day of June, 1911, leaving a widow, who died on the 17th day of February, 1912. Aimee Demuth died intestate on the 24th day of June, 1912, unmarried, and leaving her surviving a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brother, Edgar Demuth, an incompetent, and three children of a deceased brother.

The letter of the plaintiff to the creator of the trust, his reply, and that of the cestui que trust had the effect of continuing the trust unimpaired. I do not think that the cases of March v. March, 186 N. Y. 99, 78 N. E. 704, 8 L. R. A. (N. S.) 180, and Finley v. Bent, 95 N. Y. 364, apply in this case. In both of the cases cited the Court of Appeals passed upon the meaning of the words "die before full payment." In this case no payment had been made, and the cestui que trust elected, as she had undoubtedly the right, to waive the payment to her and accept simply the income during her lifetime. I am therefore of the opinion that the whole of the trust estate should be divided as follows: One-half to the committee of the incompetent and one-half to the three children of Louis Demuth, deceased.

Findings signed. The question of extra allowance to guardians and attorneys to be determined on settlement of decree.