Charles H. Gaffney, S.
The last will and testament and codicil of Ada M. Du Bois were admitted to probate by this court on June 6, 1956. This is a proceeding for the construction of item numbered “ VIII ” of the codicil to decedent’s will. In her will testatrix left cash legacies totaling $20,900 to several different persons. She disposed of her fruit farm under item VT of her codicil which provides as follows: “ Item VT: I hereby give, devise, and bequeath to my superintendent feed m. deessel my farm property in the Towns of New Paltz and Gardiner, Ulster County, New York and known as the 1 roelif e. du bois farm ’, together with all farm machinery and equipment, household furniture and furnishings.”
The residuary clause of her will provided that Fred M. Dressel, the superintendent of her farm, her nephew, George H. Gage and her grandnephew, Robert E. Gage, were each to receive one third of the residuary estate. The codicil to the will which was executed about one year later than the will revoked paragraph ‘1 third ’ ’ of the will and provided as follows: “ Item VIII: I hereby make a charge upon my real estate herein devised to feed m. deessel the payment of the specific legacies enumerated in my said last Will and Testament and this Codicil thereto.”
The estate tax returns and schedules place a value upon the farm of $49,600. There is a net personal estate of approximately $11,095 available for payment of bequests. The individual bequests of money in the will and codicil total $19,150.
The petitioner contends that it was the intention of the testatrix as evidenced by item VIII of the codicil to her will, that the bequests of money be charged against the real estate specifically devised to Fred M. Dressel, without resorting to *187 the personal property. Respondent Dressel contends that the cash legacies of $19,150 are general legacies and, therefore, are not affected by item VIII of the testatrix ’ codicil. He also contends that if it is held that the cash legacies are affected by item VIII of the codicil, that it was the testatrix’ intention to charge the real property with the payment of the cash legacies only to the extent that there is not sufficient personal property with which to pay them. In short, he contends that the testatrix by item VIII did not intend to exonerate the personal property but intended that the charge against the real estate should merely be in aid of the personal property. (Hoes v. Van Hosen, 1 N. Y. 120.)
A specific legacy is defined in Jessup Redfield on Surrogate’s Law and Practice (Vol. 6, p. 18) as follows: “ a specific legacy is a bequest of a definite part of the personal estate of a testator as distinguished from other property of the same kind.” At page 14 of the same volume a general legacy is defined as follows: “A general legacy is one which is a bequest of a particular sum out of the general estate as distinguished from a particular item deliverable in kind or payable out of a particular designated fund.” Cash legacies are generally held to be general legacies. The determination of whether a legacy is specific depends upon finding the intention from the language of the will. (Matter of Tailer, 147 App. Div. 741, affd. 205 N. Y. 599.)
The cash legacies disposed of in the will and codicil herein are general legacies. However, when the testatrix in item VIII of her codicil used the adjective “ specific ” in referring to the legacies outlined, she obviously referred to the bequests of money rather than the bequests of designated items of personal property. The word “ payment ” compels this construction.
We come now to the question of whether the testatrix intended to charge the real estate with the payment of the general legacies to the exclusion of the personal estate, or whether she intended to charge the real estate only to the extent that the personal estate is insufficient for the payment of the general legacies.
Section 47-d of the Decedent Estate Law reads as follows: ‘ ‘ If the personal property of a testator is insufficient for full payment of his general legacies so much of his real property not specifically devised as shall be necessary for payment of the balance shall be sold and the proceeds used for such payment unless the will shall contain an express direction to the contrary.
*188 ‘ ‘ The provisions of this section shall apply only to wills executed after August thirty-first, nineteen hundred forty-seven.” (Added by L. 1947, ch. 521, eft. April 1, 1947.) This section is not applicable to the question at hand because the real property involved in this estate is specifically devised. Therefore, we must look to the common law for the answer to the instant problem.
There is perhaps no rule better founded than that legacies are payable in the first instance out of the decedent’s personal estate. (Matter of Lennon, 196 Misc. 117.) This is particularly true of pecuniary legacies. (Matter of Thomas, 61 Misc. 213.) It requires a clearly expressed contrary intention in the will to overcome this presumption. (Matter of Mould, 117 Misc. 1, affd. 204 App. Div. 889, affd. 236 N. Y. 582.) Beal estate will not be charged with the payment of legacies in the absence of a clearly expressed intention to that effect in the will. (Matter of Goetz, 71 App. Div. 272; Bevan v. Cooper, 7 Hun 117; Matter of Uhl, 174 Misc. 438; Reyher v. Reyher, 2 How. Prac. [N. S.] 74.) But even where there is such an expression of intention, personal property remains the primary source of payment. (Tole v. Hardy, 6 Cow. 333.)
In the instant case the testatrix, with great perspicuity, charged the real estate with the payment of the general legacies in order to insure their full payment. In the absence of the language contained in item VIII of the codicil the money bequests outlined in the will would have been diminished pro rata. Inasmuch as the real estate was specifically devised the provisions of section 47-d of the Decedent Estate Law would not have been applicable to prevent such diminution. This fact combined with the testatrix’ fluctuating resources formed an ample basis for her intent as evidenced by the language in item VHI of her codicil.
While it lies within the power of the testator to entirely exonerate personal property against the payment of legacies, whether or not there is such exoneration is purely a matter of intention. (Taylor v. Dodd, 58 N. Y. 335; Matter of Neely, 24 Misc. 255.) In the instant case there is no intention outlined either in the will or in the codicil to exonerate the personal property from the payment of the legacies. In the absence of such intention, which is a necessary requisite, the executors must pay the general legacies out of the personal property and to the extent that the personal property is not sufficient for the payment of the general legacies the real estate is charged with their payment.
Submit decree in accordance herewith.