**ESTATE of S. Wentworth HORTON, by Gertrude I. Warner, Executrix, Petitioner on Review,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent on Review.**

**No. 123, Docket 31571.**

United States Court of Appeals Second Circuit.

Argued Nov. 15, 1967.

Decided Dec. 28, 1967.

---

3. Ore.Stats. § 71.2030; Ill.Rev.Stats. (1965) ch. 26, § 1–203.

4. Ore.Stats. § 72.3090(2) and (3); Ill. Rev.Stats. (1965) ch. 26, § 2–309(2) and (3).

Richard H. Wels, New York City (Moss, Wels & Marcus, New York City, Alan D. Marcus, New York City, of counsel), for petitioner.

Howard M. Koff, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Department of Justice), for respondent.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

FRIENDLY, Circuit Judge:

S. Wentworth Horton, a Long Island businessman and former State Senator, allowed his brother-in-law, an insurance agent and not a lawyer, to draw his will. This tax litigation is the consequence.

The will provided, in relevant part, as follows:

"THIRD: All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever kind and wheresoever situate, to which I may be entitled, or of which I may have power to dispose at my demise, I give, devise and bequeath absolutely to my beloved wife, MARTHA M. HORTON.

"FOURTH: Should my said wife predecease me, or should she die before said residuary estate shall have been distributed to her, then and in such event I give, devise and bequeath said residuary estate, in equal shares, to our two sons, DAVID BARNABAS HORTON and STEWART WOODFORD YOUNG HORTON, absolutely."

The estate tax return claimed the maximum marital deduction under I.R.C. § 2056, consisting of $57,030 which passed outside the will, and $93,860 of real property which formed a part of the residuary estate. The Commissioner disallowed the latter on the ground that paragraph FOURTH made the devise to Mrs. Horton a terminable interest within the general rule of § 2056(b) (1), which was not saved by the six-months provision of § 2056(b) (3) since § 146 of the New York Decedent Estate Law, McKinney's Consol.Laws, c. 13 (now incorporated in slightly revised form in § 11–1.5(c) of the Estates, Powers and Trusts Law, McKinney's Consol.Laws, c. 17–b) did not allow an action to be initiated against an executor or administrator who "refuses, upon demand, to pay a legacy, or distributive share" until seven months from the grant of letters. The Tax Court sustained him, 47 T.C. 641, and this petition to review followed.

The estate does not dispute that the Commissioner and the Tax Court would have been right if the claimed deduction had related to personalty, title to which passes to the executor initially and to the legatee only upon distribution. But it insists the decision gave insufficient

effect to the settled law of New York that "The real estate which is devised * * * goes * * * to the devisees * * * without passing through the hands of the executor. The title vests in the particular beneficiary as of the date of death and the only interference that can come from the executor is his taking proceedings, either under the power of sale in the will or under the Surrogate's Court Act [now Surrogate's Court Procedure Act] to sell, mortgage or lease in order to pay estate obligations, legacies or for the purpose of distribution, in case the personal property is insufficient to meet these demands." Jessup-Redfield, 6 N.Y.Surrogate's Courts Law & Practice § 4852 (Bohm ed. 1951). Because of this, says the estate, the provision in Paragraph Fourth as to the death of Mrs. Horton "before said residuary estate shall have been distributed to her" cannot fairly be read as applying to real property which became hers immediately on Mr. Horton's death. The clause, in other words, is simply a direction how the executrix should "distribute" property which passed to her as a fiduciary, not a defeasance of title to property owned by someone else, to wit, the widow, in the event of death before the time for "distribution" of the personalty arrived. The Commissioner and the Tax Court respond that Mr. Horton was hardly aware of such niceties. Rather his basic intention was that the sons should receive the entire residue if the widow died during the period of administration, thereby avoiding any possibility of her diverting, or of her estate being taxed on, property she had not been able fully to enjoy.

While the issue is close, we see *no sufficient reason to believe the New* York courts would stretch the words of Paragraph Fourth beyond the significance they would normally have under New York law. As indicated, a New York executor does not "distribute" real property which has been devised; rather this passes to the devisee at the moment of death, subject only to such powers as the executor has under the law and the

terms of the will. The New York case closest in point is In re Herrmann's Estate, 193 Misc. 466, 82 N.Y.S.2d 888 (Surr.Ct.N.Y.Co.1948). The will there under construction provided that "In the event that my niece, Leona Herrmann Marks, shall die before she shall become entitled to the possession of or title to any funds or property hereunder, the said funds or property shall be distributed" to her children or to another niece. In holding that Leona, who died during a preceding life estate, was entitled to real although not to personal property, the court said:

"Upon the death of a testator title to his real property vests in the devisees named in his will. * * * In respect of his personal estate a different rule applies. An executor takes the unqualified legal title of all personal property of a testator not specifically bequeathed. The fiduciary holds it not in his own right, but as trustee for creditors, legatees and other persons interested in the estate. * * * The legatees take no legal title to the subject of their legacies until the executor assents to the delivery of the property. * * *

"In the use of the terms 'possession of' and 'title to' with reference to any funds or property under his will, the testator evidently had in mind the distinction between property which descends immediately and property which is transferred only after the estate is administered. * * * In one case there would be distribution only when the executors had acted to distribute the property and in the other case there would be distribution immediately."

While the Tax Court distinguished the decision on the basis of the first sentence of the second quoted paragraph, this shows only that *Herrmann* was a somewhat easier case for holding that decease of the devisee prior to distribution would not effect a defeasance—not that the New York courts would reach a different result as to Mr. Horton's will. It is as true here as in *Herrmann* that as to the

**54**

personalty "there would be distribution only when the executors had acted to distribute the property," whereas in the case of the realty "there would be distribution immediately" and consequently nothing on which paragraph Fourth can operate. Review of many other New York cases, see, e. g., Clason v. Clason, 18 Wend. 369 (Ct.Errors 1837); Manice v. Manice, 43 N.Y. 303 (1871); Finley v. Bent, 95 N.Y. 364 (1884); compare March v. March, 186 N.Y. 99, 78 N.E. 704, 8 L.R.A.,N.S., 180 (1906), confirms the conclusion that only the clearest testamentary language is held to work a defeasance where title has vested in the devisee. Mr. Horton's was not that clear.

The judgment is reversed with instructions to allow deduction of the widow's interest in the real property.