In re Anthony M. BENTLEY, Debtor.

Anthony M. BENTLEY, Plaintiff,

v.

Peter SHARP, as attorney in fact for Arnold Kimmel, Arnold Kimmel, Church Management Company, Citizens Savings and Loan Association of New York, Leonard Simon, Joseph P. Marro, City Marshal Norman Katz and Astoria Federal Savings & Loan Association, Defendants.

Bankruptcy No. 81 B 10607 (PBA).
Adv. No. 84–5365 A.

United States Bankruptcy Court,
S.D. New York.

March 11, 1985.

See also Bkrtcy., 26 B.R. 69, Bkrtcy., 47 B.R. 269.

Anthony M. Bentley, New York City, pro se.

Sherman, Citron & Karasik, P.C., New York City, for debtor-in-possession.

Leonard M. Simon, P.C., Dreyer & Traub, New York City, Attys. for Astoria Federal Savings Bank and Loan Association; Sarah C. Lichtenstein, New York City, of counsel.

## MEMORANDUM DECISION AND ORDER

PRUDENCE B. ABRAM, Bankruptcy Judge:

On March 1, 1984, Anthony M. Bentley, the debtor in this confirmed Chapter 11 case, filed the above-captioned adversary proceeding in this court. The action is one for breach of contract, breach of bailment, wasting an estate in real property, abuse of legal process, deception, conversion, wrongful eviction from apartment by force causing pecuniary loss, physical pain and suffering, denial of rightful entry in apartment causing pecuniary loss, physical pain

and suffering and emotional pain and suffering. Damages between \$250,000 and \$750,000 are sought on each of the eleven counts of the complaint. The background of the lawsuit is set forth in an opinion of the court dated July 14, 1981, which granted Mr. Bentley's motion for a return of possession to him from Astoria Federal Savings Bank & Loan Association ("Astoria") of his cooperative apartment, located at 75 East End Avenue, New York. See *In re Bentley (Bentley v. Marro, et al.)*, 12 B.R. 528 (Bkrtcy.Ct.S.D.N.Y.1981) (Babitt, B.J.) [1]

Bentley's Chapter 11 case was filed on March 20, 1981. Thereafter, in July 1983 Bentley sold his cooperative apartment. With the proceeds in hand, he proposed in a plan filed September 11, 1983 a 100% cash on confirmation plan to unsecured creditors to be funded from the proceeds, which plan was duly accepted and confirmed on January 18, 1984. The order of confirmation signed that date provides, *inter alia*,

> "ORDERED that in addition to the retention of jurisdiction by this Court as provided for in the Plan,[2] this Court retains jurisdiction * * * (d) to rule upon pending adversary proceedings and upon the adversary proceeding to be filed by the Debtor against Astoria Federal Savings and Loan Association, Citizens Savings & Loan Association of New York, Leonard Simon, Norman Katz, Joseph P. Marro, Peter Sharp and Church Management Company. * * * "

The plan itself, dated September 26, 1983, provides that the "debtor shall continue in possession of all of the property", Article IV, and provides that unsecured creditors are to receive 100 per cent of their claims "in full settlement of their specific claims without interest to be paid on the consummation of the plan", Article

III. The plan itself makes no reference to the possible claim against Astoria, et al.

Astoria has moved pursuant to Bankruptcy Rule 7012(b) and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing the complaint for lack of subject matter jurisdiction as well as for failure to state a claim upon which relief can be granted and for sanctions. Leonard Simon, another defendant, has joined in Astoria's motion.

For the reasons which follow, the motion to dismiss for lack of subject matter jurisdiction is granted, the motion to dismiss for failure to state a claim for relief is not reached, and the motion for sanctions is denied.

By virtue of the terms of the confirmed plan of arrangement, the only beneficiary of any judgment in favor of Bentley that might be awarded is Bentley. Unsecured creditors will have been paid in full. Apparently recognizing this and its possible impact on this court's jurisdiction, Bentley moved to amend his confirmed plan to provide for payment of post-petition interest to unsecured creditors. In a separate decision, this court is denying Bentley's request for amendment of his confirmed plan.

This adversary proceeding was commenced prior to the adoption of and effective date of the Bankruptcy Amendments and Federal Judgeship Act of 1984. At the time the complaint was filed, the bankruptcy court was operating under Emergency Rule 1, adopted by the United States District Court for the Southern District of New York. The Emergency Rule divided matters into related proceedings and not related proceedings. Under the Emergency Rule, a related proceeding was a civil proceeding that in the absence of a petition in bankruptcy could have been brought in a

---

1. Familiarity with this decision will be presumed.

2. The provision for retention of jurisdiction in the plan states only that
   "The Court shall retain jurisdiction over the Chapter 11 case for the purpose of determining all disputes relating to claims and other issues presented by this plan, to issue such orders as may be necessary for the confirmation of the plan and to determine all other matters which may be pending on the date that the plan is confirmed." Article VI.

district court or a state court. The complaint, as required by local rule, contains a statement in the caption that it is a related proceeding within the meaning of Emergency Rule (d)(3)(A). The designation of this proceeding as a related proceeding is clearly correct.

In *In re Turner (Turner v. Ermiger)*, 724 F.2d 338, (2d Cir.1983), the Second Circuit had occasion to consider the jurisdictional question in a remarkably analogous context and found a lack of jurisdiction, reversing the district court's affirmance of a bankruptcy court judgment in favor of the debtor. Ms. Turner filed a Chapter 7 petition and claimed as exempt a contingent cause of action against her landlord for conversion of restaurant equipment in leased premises. The exemptions exhausted the estate, the trustee filed a report of no distribution to creditors, and the debtor was granted a discharge. After the exemptions were claimed but before her discharge issued, the debtor commenced an action in the bankruptcy court against the landlord for the alleged conversion. After an answer on the merits, the bankruptcy court rendered judgment for the debtor. The complaint contained no allegation as to how the action between the debtor and her landlord was related to or could affect her bankruptcy case nor did the bankruptcy judge make any findings on this subject.

After reviewing the background to the Emergency Rule and its concept of related proceedings, as well as 28 U.S.C. § 1471(b) from which it derived, the Second Circuit stated that Congress must have intended to put some limit on the scope of "related to" jurisdiction.[3] The court quoted favorably from a passage in 1 Collier on Bankruptcy (15th Ed.), ¶ 3.01[1](e) at 3–49 that concludes:

"The criterion to be adopted in such a situation will undoubtedly be related to a determination of whether the outcome of the proceeding could conceivably have any effect upon the estate being administered."

The Second Circuit then held that the debtor's action was to be dismissed for want of jurisdiction because

"Turner [the debtor] brought the present action, which she had reclaimed from the estate pursuant to § 522(d), in her own name. There is no suggestion that the proceeds would be turned over to the trustee, or accounted for to him, and the judgment below orders Ermiger to pay the damages directly to her. Failure to recover on the claim against Ermiger could not increase her exemption claim under § 522(d) of the Code since her exemptions had already exhausted the estate. On these facts, there is no showing that Turner's action against Ermiger had any 'significant connection' with her bankruptcy case. It therefore falls outside of the scope of § 1471(b), which allows the district courts to conduct civil proceedings 'related to' cases under Title 11." 724 F.2d at 341.

Just as in *Turner*, any recovery Bentley might obtain in this action would be solely for his own benefit under the terms of his confirmed plan of reorganization. The outcome has no effect on the estate or significant connection with the bankruptcy case. It therefore must be dismissed as beyond the court's jurisdiction. The terms of the confirmation order cannot confer jurisdiction over a matter as to which subject matter jurisdiction would otherwise be lacking.

As the court lacks subject matter jurisdiction, it need not reach the question of whether the complaint fails to state a claim for relief as to any or all of the defendants.

▮ As to the request in Astoria's motion for sanctions against the debtor and his attorney for bringing a "frivolous, vexatious litigation in bad faith", the court declines to impose any sanctions for commencement in this court. The *Turner* deci-

---

**3.** The adoption of the July 1984 amendments to the Bankruptcy Code known as the Bankruptcy Amendments and Federal Judgeship Act of 1984 resulted in 28 U.S.C. § 1471(b) being transfer-red to and included in *haec verba* in 28 U.S.C. § 1334(b). As both sections are identical, case authority construing former 28 U.S.C. § 1471(b) must bind construction of 28 U.S.C. § 1334(b).

sion on which this court relies was a recent decision, being only three months old when the complaint was filed. The two lower courts that had considered the matter had ruled in favor of jurisdiction. It did not involve a Chapter 11 debtor or an order of confirmation expressly reserving jurisdiction. Lack of jurisdiction in this case cannot be viewed as a foregone conclusion. Nor in view of the court's decision referred to above and reported at 12 B.R. 528 which characterized Astoria's actions as "ill-conceived and contrary to law", 12 B.R. at 533, can the subject matter of the litigation be deemed frivolous.

The complaint is dismissed for lack of jurisdiction. The motion for sanctions is denied.

It is so ordered.