**In Re Carl H. NEUMAN, Debtor.**

**No. 87 Civ. 6386 (RWS).**

United States District Court, S.D. New York.

July 5, 1988.

MEMORANDUM OPINION

SWEET, District Judge.

Chapter 11 debtor, Carl H. Neuman ("Neuman") appeals from the July 24, 1987 decision of Bankruptcy Judge Prudence B. Abram holding that trustee James L. Garrity (the "Trustee") is authorized under New York law to operate the Sarah R. Neuman Nursing Home ("SRN") and that Neuman may no longer retain control of SRN's operation, 75 B.R. 966. For the reasons set forth below, the decision of the Bankruptcy Court is affirmed.

*Prior Proceedings*

The facts of this case and the prior proceedings are set forth in this court's opinions of November 6, 1986 and March 18, 1987, familiarity with which is assumed. For the purposes of this appeal it is necessary only to provide a brief background.

In the 1960's and 1970's Neuman created and operated several health care facilities, among them SRN. On December 11, 1984, Neuman filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Code. At that time, although Neuman held the operating certificate of SRN, Edward Leffler ("Leffler"), a contract-vendee, was in charge of day-to-day operations. Leffler also had an agreement with Neuman

whereby he held an option to purchase SRN if State approval for the sale were obtained by September 30, 1986.

After various proceedings before the bankruptcy court, Garrity was appointed Trustee on March 18, 1986. On August 20 of that year, the Trustee obtained an *ex parte* order from the Bankruptcy Court granting him control of the operations of SRN based in part upon a letter from the New York State Department of Health ("DOH") stating that his status as trustee would permit him to act as a receiver under New York Public Health Law § 2810. That letter also was obtained *ex parte*. However, the order of the Bankruptcy Court was vacated on August 22, 1986 and replaced with an order providing for joint control by Leffler and the Trustee.

The Trustee appealed that order to the Bankruptcy Court. Meanwhile, on September 30, 1986, Leffler's rights to purchase lapsed. Thus, on October 20, 1986, the Bankruptcy Court entered an order amending the order of August 22 and requiring Leffler to relinquish any control he had over SRN.[1]

On November 6, 1986, this court vacated both the October 20 order and so much of the August 22 order as granted Leffler joint control of SRN and remanded to the Bankruptcy Court the issue of whether the Trustee is authorized under § 2810 to operate SRN and whether Neuman had any continuing rights as holder of the operating certificate. Upon Neuman's request for reconsideration, this court reaffirmed its decision to remand those issues to the Bankruptcy Court.

In a decision dated July 24, 1988, the Bankruptcy Court held that since the DOH acquiesced in his appointment, the Trustee was authorized to run SRN, and that once the Trustee was appointed under Chapter 11, Neuman lost control over all his assets. This order was appealed, and the appeal was heard on March 25, 1988.

*Conclusions*

 Neuman has appealed the Bankruptcy Court's decision to this court. He claims that the State explicitly repudiated its August 13 letter and thus its approval of Garrity, and that the DOH did not acquiesce in Garrity's status as holder of the operating certificate by virtue of placing him on an approved receiver list. He further claims that the Trustee has no rights in his operating certificate as it is not property in bankruptcy and thus that he retains the right to operate SRN.

Both of Neuman's arguments are moot. Since the proceeding before the Bankruptcy Court, the Trustee has been granted an operating certificate in SRN in his own right. Thus, if the state did not formally approve of his status as operator before those proceedings, it has at this time.

Additionally, Neuman's operating certificate has expired. He thus can claim no right to it—property or otherwise. Neuman makes much of the fact that under state law a hearing must be held before an establishment approval is revoked and that no such hearing was held on his behalf. However, the state indeed has instituted such proceedings against Neuman.

 As the Bankruptcy Court set forth, Neuman invoked the protection of the bankruptcy laws by voluntarily filing under Chapter 11. Under section 521(3) of the Bankruptcy Code, the debtor must "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under [the Code]." As the Bankruptcy Court set forth, among those duties is the operation of the debtor's business if the court so orders. Such an order was issued in this case. Moreover, Neuman did not object to the appointment of the trustee.

In light of the foregoing, the order of the Bankruptcy Court is affirmed.

IT IS SO ORDERED.

---

1. Earlier, on October 6, 1986, the Bankruptcy Court had entered an order enjoining the parties from continuing a state court proceeding they had commenced.