In re Anthony **BENTLEY**, Debtor.

Karen Carter **CASO**, Trustee, Plaintiff,

v.

Anthony **BENTLEY**, Debtor and David M. Gerstein and the Bank of New York, Executors of the Will of Edna Dorne, Defendants.

Bankruptcy No. 87–B–12260 (PBA). Adv. No. 88–5710A.

United States Bankruptcy Court, S.D. New York.

Oct. 15, 1990.

As Corrected Dec. 11, 1990.

---

Anthony Bentley, New York City, pro se.

Gerstein & Churchill, P.C. by Brendan R. Marx, New York City, for Executors.

## MEMORANDUM DECISION GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

PRUDENCE B. ABRAM, Bankruptcy Judge.

The trustee in this individual Chapter 7 case commenced this adversary proceeding for a turnover of a legacy due the debtor. Named as defendants are the debtor and the executors of the decedent's estate from which the legacy is due. Both the debtor and the executors have challenged the trustee's assertion that the legacy is property of this estate. None of the material facts are in dispute.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Anthony Bentley ("Bentley" or "Debtor") filed a voluntary Chapter 7 petition on November 20, 1987 (the "Petition Date").[1]

---

**1.** The debtor, who is an attorney by profession, was not a stranger to the bankruptcy court. He had filed a Chapter 11 petition on March 20, 1981. A 100% cash on confirmation plan was

The Debtor has filed a list of creditors, although he has never filed schedules.

A Chapter 7 trustee was appointed and duly qualified. Karen Carter Caso is presently the Chapter 7 trustee (the "Trustee"), having replaced the original trustee who resigned.

While attempting to administer this case, the Trustee learned that the Debtor was the beneficiary of a $100,000 bequest (the "Bequest") under the will of his aunt, Edna Dorne, who had died testate less than two months after the Petition Date and on January 12, 1988. The Trustee unsuccessfully sought to have the Bequest turned over to her by the Dorne executors, Benjamin Heffner and Bank of New York (the "Executors"). After Heffner's death, David M. Gerstein was appointed in his stead and has been substituted as a party to this proceeding.

The Executors caused Dorne's February 5, 1985 will (the "Dorne Will") to be admitted to probate on May 23, 1988. Final letters testamentary were issued on May 31, 1988.

The Debtor was unwilling to acknowledge the Trustee's entitlement to the Bequest and intimated that grounds might exist for a will contest. The Executors declined to turnover the Bequest to the Trustee on the grounds that if the Debtor were to initiate a will contest, which they feared he might, the Bequest would terminate under an *in terrorem* clause [2] in the Dorne Will.

The Executors' answer to the Trustee's complaint denies that the Bequest is property of the estate.[3] The Debtor who was served with the summons and complaint while hospitalized returned the acknowledgement of receipt of service but did not file an answer, timely or otherwise.

The Trustee has moved for summary judgment. Although the Debtor was served with the motion, he did not file a response. The Executors stated in their response that they have no interest in the disposition of the motion other than to ensure that the Dorne estate is not exposed to the threat of paying a bequest to either the Trustee or the Debtor, which payment may subsequently be found to be payable to the other, or to neither of them.

At oral argument on the summary judgment motion, the Debtor appeared in opposition. Although he was in default, the Court nevertheless afforded the Debtor the opportunity to appear and be heard on the motion.

## DISCUSSION

A Chapter 7 trustee is the representative of the estate. *See* Bankruptcy Code § 323(a). The trustee has the capacity to sue and be sued. *See* Bankruptcy Code § 323(b). Among the statutory duties of the trustee is the duty to collect and reduce to money the property of the estate for which the trustee serves. *See* Bankruptcy Code § 704(1). The trustee distributes the property of the estate in the order of distri-

---

confirmed in that case on January 18, 1984. For the history of the Chapter 11 case and the litigation it generated, see *In re Bentley (Bentley v. 75 East End Owners, Inc.)*, 26 B.R. 69 (Bankr. S.D.N.Y.1982); *In re Bentley (Bentley v. Sharp)*, 47 B.R. 266 (Bankr.S.D.N.Y.1985); *In re Bentley*, 47 B.R. 269 (Bankr.S.D.N.Y.1985).

**2.** Paragraph Ninth of the Dorne Will provides: "If any legatee, devisee or beneficiary under this Will shall in any way directly or indirectly contest or object to the probate of this Will, or dispute any clause or provision hereof, or exercise or attempt to exercise any right of election or other right to take any part or share of my estate against the provisions of this Will, or institute or prosecute, or be in any way directly or indirectly interested or instrumental in the institution or prosecution of, any action, proceeding, contest or objec-

tion, or give any notice, for the purpose of setting aside or invalidating this Will, or any clause or provision hereof, then and in each such case all provisions for such legatee, devisee or beneficiary or for his or her descendants above contained in this Will shall be wholly void and ineffectual, and my estate shall be disposed of in like manner as though such legatee, devisee or beneficiary, if an individual, had predeceased me leaving no descendants who survive me or, if a corporation or other entity, had ceased to exist prior to my death."

**3.** In using the phrase "property of the estate" and the term "estate" this court refers, of course, to the bankruptcy estate, and not the decedent's estate.

bution specified in Bankruptcy Code § 726(a).

The Bankruptcy Code also imposes duties on the Chapter 7 debtor. The debtor is required to cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties. *See* Bankruptcy Code § 521(3). The debtor is required to surrender to the trustee all property of the estate and any recorded information, including books, document, records, and papers, relating to property of the estate. *See* Bankruptcy Code § 521(4).

The commencement of a Chapter 7 case creates an estate. *See* Bankruptcy Code § 541(a). The property of the estate is comprised of the property described in Bankruptcy Code § 541 wherever located and by whomever held. Persons in possession of property of the estate are required to turn it over to the trustee. *See* Bankruptcy Code §§ 542 and 543 and *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1982). A proceeding seeking a turn over of property of the estate is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(E).

In addition to the interests of the debtor in property on the commencement date of the case, the property of the estate includes certain property acquired by the debtor thereafter. At issue in this case is the scope of the after-acquired property provision found in Bankruptcy Code § 541(a)(5). That section provides that property of the estate includes:

> "Any interest in property that would have been property of the estate if such interest had been an interest of the Debtor on the date of the filing of the petition, and that the Debtor acquires or becomes entitled to acquire within 180 days after such date—
> (A) by bequest, device, or inheritance
> * * * "

Both Bentley and the Executors concede that Dorne died within 180 days of the Petition Date. However, they, for somewhat different reasons, have asserted that the Bequest is nevertheless not property of the estate. They both point to the fact that the Dorne Will was not admitted to probate until outside that time period. Further, it is urged that since the Bequest was a general bequest it will not become the property of the recipient until actual distribution. Finally, the Executors point to the *in terrorem* clause and the possibility that the Bequest could lapse.

■ This court holds that the Bequest is property of the estate because the Debtor's interest in the Bequest arose on the date of Dorne's death which occurred within 180 days of the Petition Date. On that date, the Debtor became entitled to acquire the Bequest even though the Bequest was subject to possible termination through the *in terrorem* clause or otherwise. *Accord In re Means*, 16 B.R. 775 (Bankr.W.D.Mo. 1982); *In re Elliott*, 81 B.R. 460, 462 (Bankr.N.D.Ill.1987). The interpretation of Code § 541(a)(5)(A) does not require the court to make any inquiry into state law. "Although the debtor's interest in property will be initially determined by non-bankruptcy law, the question of what constitutes property of the estate within the meaning of § 541 is a federal question * * * *." *Matter of Ross*, 18 B.R. 364, 367 (N.D.N.Y.1982), *aff'd sub nom. Regan v. Ross*, 691 F.2d 81 (2d Cir.1982). Any rule other than the date of death would leave the application of Bankruptcy Code § 541(a)(5)(A) open to inconsistent application and subject to manipulation through deliberate delay in the commencement or prosecution of the probate process.[4]

■ Although this court has reached its conclusion without reference to state law, the court finds that no different conclusion would be mandated if it were to look to New York law. Under New York law, the executor takes unqualified legal title to all of a decedent's personal property not specifically bequeathed. *See Estate of Horton v. C.I.R.*, 388 F.2d 51, 53 (2d Cir.1967) (citing *In re Herrmanns Estate*, 193 Misc.

---

**4.** It may also be urged that in this day of life support systems the date of death may also be subject to control. However, no rule can eliminate all uncertainty or deal with the equities of all possible cases.

466, 82 N.Y.S.2d 888 (Surr.Ct.N.Y.Co. 1948)). However, title to property *specifically bequeathed* vests in the legatee as of the testator's death subject only to certain rights of retention and use in the executor. *See In re Morawetz' will*, 35 Misc.2d 762, 231 N.Y.S.2d 1000, 1006 (Surr.Ct.Alb.Co. 1962). Likewise, title to real property passes directly to the devisee as of the date of death without passing through the executor. *See Estate of Horton v. C.I.R.*, 388 F.2d 51 (2d Cir.1967); *In re Herrmann's Estate*, 193 Misc. 466, 82 N.Y.S.2d 888 (Surr.Co.N.Y.Co.1948).

▉ A "specific bequest" has been defined as "a bequest of a definite part of the personal estate of a testator as distinguished from other property of the same kind." *Estate of DuBois*, 12 Misc.2d 185, 175 N.Y.S.2d 624, 626 (Surr.Ct.Ulster Co. 1958). When dealing with bequests of specified sums of money, the determination of whether it constitutes a specific bequest turns on whether the cash is to come from a particular named source, such as an identified bank account. Commonly, cash bequests are held to be general bequests. A general bequest is one where a particular sum is to be distributed out of the general estate as distinguished from a particular item deliverable in kind or payable out of a particular designated fund. *Id.* 175 N.Y. S.2d at 626.

▉ The Bequest to the Debtor appears to be a general bequest as the Dorne Will does not state that the funds were to come from a particular source and thus title to the funds will remain in the Executors until distribution. Under New York law it has been held that even though the *title* to personalty did not vest in the legatee as of the testatrix's death, the legatee did acquire a property right to the funds bequeathed as of the death of the testatrix. *See Estate of Schloessinger*, 70 Misc.2d 206, 333 N.Y.S.2d 683, 685 (Surr.Ct.N.Y.Co. 1972) (on the death of a testator, persons benefitting under his will acquire property rights which are immune from legislative attack even though such rights be merely contingent in character). Thus, Bentley had an interest in the Bequest under New York law as of the date of Dorne's death.

This court expressly rejects the holding in *In re Powell*, 92 B.R. 378 (Bankr.W.D. Mo.1988). The *Powell* court held that the debtor must have an interest in the decedent's estate at the time the bankruptcy petition is filed in order for it to be property of the estate and declined to follow *Means, supra*.[5] It is evident from the language of Code § 541(a)(5) and from its predecessor under the former Bankruptcy Act[6] that it is intended to be an after-acquired property clause. Code § 541(a)(5) would be superfluous unless so interpreted since any property that was an interest of the Debtor *at the time of filing* would already be incorporated into the estate by virtue of Code § 541(a)(1). *See generally* L. King, *Collier on Bankruptcy*, (15th Ed.), § 541.18 at p. 541–102.

---

5. The *Means* court determined that under Missouri law, which is similar to New York law, the equitable interest of the legatee is sufficient to render it property of the estate by construing Code § 541(a)(5) by reference to the provisions of Code § 541(a)(1), which state that "all legal or equitable interests of the debtor in property" become property of the estate. *Means*, 16 B.R. at 776.

6. Former Bankruptcy Act § 70(a) stated:
"All property, wherever located * * * which vests in the bankrupt within 6 months after bankruptcy by bequest, devise or inheritance shall vest in the Trustee * * * as of the date when it vested in the bankrupt, and shall be free and discharged from any transfer made or suffered by the bankrupt after bankruptcy."

This provision, introduced in the Chandler Act of 1938, was among the first to incorporate after-acquired property into the bankruptcy estate. It was specifically intended to cure the inequitable results that were sometimes visited upon creditors when a debtor would file a bankruptcy petition just before becoming enriched by testate succession. L. King, *Collier on Bankruptcy*, Vol. 4A (14th Ed.), ¶ 70.27 at 373. Even though Bankruptcy Act § 70(a) called for a *vested* interest in the debtor, "the *beneficial* interest in the distributee that arises on the death of an ancestor during the six-month period has nevertheless been held sufficient to enable the trustee to claim the entire portion of the decedent's estate distributed to the bankrupt notwithstanding the lapse of the period before distribution." *Id.* at 377 (citing *Matter of Berry*, 28 J. of Nat'l Ass'n of Ref. 19 (Ref.D.Minn.1953)).

The Trustee has stated that she does not wish to contest the Dorne Will because of the *in terrorem* clause and because she knows of no grounds for a successful will challenge. Further, she is of the opinion that the Bequest is of substantial benefit to the estate and may permit the payment of creditor claims in full. If the Debtor were to contest the Will, he would be violating his duties to cooperate with the Trustee and to turnover property of the estate to her. The Trustee's determination to accept the Bequest and forgo a will contest is obviously a prudent exercise of her fiduciary duty.

There is no doubt that the *in terrorem* clause in the Dorne Will is valid. *See* Section 3–3.5 of the New York Estates, Powers and Trusts Law (the "EPTL") ("A condition, designed to prevent a disposition from taking effect in case the will is contested by the beneficiary, is operative despite the presence or absence of probable cause for such contest * * *.") *See also* EPTL § 1–2.17 ("A testamentary beneficiary is a person in whose favor a disposition of property is made by will.")

■ This court's holding is entirely consistent with the New York Surrogate's Court Procedure Act (the "SCPA") which governs the procedure applicable to will contests. Under SCPA § 1410 any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will. The term "person interested" is defined in SCPA § 103(39) as "any person entitled either absolutely or contingently to share as beneficiary in the estate *or the trustee in bankruptcy* or receiver of such person." (Emphasis added). Thus, there is no doubt that the Trustee is the proper party to deal with the Bequest and the only person who could institute a will contest with respect to the Bequest. To the extent that the Debtor's arguments should be construed as a request to have the Trustee directed to initiate a will contest, the request is denied as no valid grounds for a will contest are apparent from the record and the Trustee's decision to accept the Bequest is plainly a reasonable exercise of judgment.

■ A debtor will become revested with title to property of the estate, including a cause of action, only if the trustee abandons or is deemed to have abandoned the property. *See* Bankruptcy Code § 554. The Trustee has determined the Bequest to be of significant value and has determined to administer it as property of the estate. In order to receive the Bequest, it is necessary for the Trustee to forego initiating a will contest due to the Dorne Will's *in terrorem* clause. By accepting the Bequest, the Trustee has perforce decided that the Dorne Will will not be contested. There has been no abandonment by the Trustee within the meaning of Bankruptcy Code § 554 of any cause of action against the Dorne Estate. *Accord Dallas Cabana, Inc. v. Hyatt Corp.,* 441 F.2d 865 (5th Cir.1971). Therefore, Bentley's request that this court find the cause of action to have been abandoned by the Trustee is denied.

■ Even if for some reason under state law the Debtor could contest the Will, he is precluded by the Bankruptcy Code from exercising any such right because it would contravene the Code's express language and underlying policies. *See In re Neuman,* 75 B.R. 966 (Bankr.S.D.N.Y.1987) (Chapter 11 debtor required to cooperate with trustee to permit trustee's operation of nursing home whether or not operating certificate for home was personal to him because nursing home and its revenues were property of the estate), *aff'd,* 88 B.R. 30 (S.D.N.Y.1988).

The Trustee's motion for summary judgment is granted because the Trustee is entitled to a turn over of the Bequest to her as it is property of the estate.

The Trustee is directed to settle an appropriate judgment on 10 days' notice.