UNION TRUST COMPANY OF SPRINGFIELD, executor, *vs.*
FRANK D. NELEN & others.

Hampden.    April 6, 1933. — May 24, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Devise and Legacy*, Validity, Time of vesting, General or specific. *Rule against Perpetuities.* *Executor and Administrator.* *Restraint on Alienation.* *Trust*, Trustee as stockholder in corporation. *Words*, "As soon as expedient."

A testator by his will gave shares of corporate stock to a trustee and directed that the shares "shall be assigned and transferred to said trustee as soon as expedient after the probate of this, my last will and testament, and that said trustee shall hold said shares of stock for the period of ten . . . years from and after the date of such assignment and transfer of them to" the trustee; and further provided for the termination of the trust and disposition of the shares by the trustee at the end of such period of ten years.  The will was admitted to probate.  Upon a petition for instructions by the executor, it was *held*, that

(1) The bequest to the trustee was specific;

(2) The words, "assigned and transferred to said trustee as soon as expedient after the probate of this, my last will and testament," were merely a direction to the executor with regard to the settlement of the estate, and were not intended to fix the time when title to the shares should vest in the trustee;

(3) Under the general rule, upon admission of the will to probate, such probate related to the date of the death of the testator and title to the legacy became vested in the legatee, the trustee, as of that date;

(4) The gift of the shares to the trustee was not in violation of the rule against perpetuities.

The shares so given to the trustee were a majority of the shares of the corporation.  Further directions of the testator with respect to such gift in trust were that the trustee, as holder of the shares "shall, under the by-laws of said corporation, hold a controlling interest in said corporation for and during the period" of ten years, with full power to vote the shares at all stockholders' meetings and "all the powers

and duties of a majority stockholder in relation to the care, management and control of the property and business of said corporation."
*Held,* that

(1) The gift to the trustee was not void in that thereby an unreasonable restraint on alienation of the shares was created;

(2) The gift was not void in that it was contrary to public policy by reason of the powers given to the trustee with respect to the shares.

PETITION for instructions, filed in the Probate Court for the county of Hampden on May 7, 1932, and afterwards amended, by the executor of the will of William Kavanagh, late of Springfield.

The petition is described in the opinion. It was heard by *Denison,* J. Material facts found by the judge, and a final decree entered by his order, are described in the opinion. Certain respondents appealed.

Art. Thirteenth, cl. (5), subsection (c) of the will was as follows, in part: "At the end of said ten year period the said one thousand and one shares of said stock so held by said trustee shall be assigned and transferred by said trustee, free and discharged of any trust hereby created, to . . . [certain named persons]."

*R. W. Crowell,* (*T. V. Moriarty* with him,) for the respondents Murphy and another.

*J. E. Kerigan,* (*L. J. Gordon* with him,) for the respondents Nelen and another.

*R. A. Bidwell,* for the guardian *ad litem.*

PIERCE, J. William Kavanagh, late of Springfield in the county of Hampden and Commonwealth of Massachusetts, died on May 7, 1930, leaving a will which was duly allowed on April 17, 1931. The Union Trust Company of Springfield was appointed executor thereof and qualified by giving bond as required by law.

On April 13, 1932, the executor filed a petition for instructions in the Probate Court, the prayers of which are that the petitioner be instructed (1) "as to the validity and effect of the trust created by the thirteenth paragraph of said will subdivisions 5, 6 and 7"; (2) "as to whether said trust is a valid trust"; (3) "as to whether if said trust is invalid in part it is good in part and as to what extent it

is valid and to what extent it is void"; (4) "if said trust is invalid as to whether the one thousand one shares which are the subject of said trust become a part of the residue of said estate and are given under the residuary clause of said will"; and (5) "if said trust is invalid whether it is its duty to sell said one thousand one shares and distribute the proceeds thereof as part of the residue of the estate or whether it is its duty to transfer and distribute said one thousand one shares specifically to said Wm. Kavanagh Furniture Co."; and that the court will "Make such further orders and decrees as the premises may require."

It appears that notice of the petition was given as ordered by the court; that a guardian *ad litem* was appointed to represent minors and an incompetent person and persons unascertained; that the respondents Frank D. Nelen, Anna B. Cavanagh, Lucy A. Starr, William E. Murphy, Union Trust Company of Springfield, trustee, appeared and answered; that the guardian *ad litem* answered; and that said petition was taken for confessed as against all other respondents, they not having appeared or answered.

After hearing and consideration, the probate judge found "that the contemplated beneficiaries under the fifth clause of the thirteenth paragraph of said will, Nelen, Murphy and Starr, can take under the terms of the will only if each is (a) alive at that time, (b) in the employ of the company at the beginning of and during the ten year period and at the end of the ten year period unless physically or mentally disabled or incapacitated, (c) not discharged for reasonable or sufficient cause to be determined by said trustee whose decision is final. The possible beneficiaries, Mahoney, Vaughan and Williams, can take only if one or more of the three first named die or fail to so comply. It was not the intention of the testator that Mahoney, Vaughan or Williams should take unconditionally upon the death or failure of either to comply of Nelen, Murphy or Starr. If none of the said persons take, stockholders of record in said corporation and in the employ of the corporation at the end of said ten years are designated to receive in proportion to individual holdings. The testator intended the ultimate

estate to vest at the time fixed for conveyance and transfer by the trustees, that is at the end of the ten year period"; and he ordered and decreed: "1. That by the terms of the trust set forth in the thirteenth paragraph of said will, subdivisions 5, 6 and 7, it is impossible that there should be determined before the end of the ten year period allotted therein, to whom the trustee should assign and transfer stock of the company and that since the time of the probating of the will was uncertain and the time of transfer of the stock 'as soon as expedient after the probate' is also uncertain and since both the probate and the transfer are directed to be followed by a period of ten years, the rule against perpetuities must be applied and the trust is not valid; 2. That the trust is not valid in part nor good in part; 3. That the one thousand one shares which are the subject of said trust become a part of the residue of said estate and are to be disposed of under the fourteenth or residuary clause of said will; 4. That as a part of said residuary clause said one thousand one shares should be transferred and assigned to said Wm. Kavanagh Furniture Co."   At the request of the respondents Lucy A. Starr and William E. Murphy the judge of probate made a finding of material facts which reads: "The testator, William Kavanagh, late of Springfield, died May 7, 1930, leaving a will which was duly allowed by the Probate Court, April 17, 1931, and the petitioner was duly appointed executor.   The estate is solvent, there are no suits pending against it and all liabilities have been paid except the Massachusetts inheritance tax.   There is no realty.   The personalty was inventoried at $217,180.18.   Outside of these facts the only other material facts before me are set forth in the petitioner's bill.   None of the facts alleged in the petitioner's bill were denied by any party and were accepted as true."   The case is before this court on the appeal of said William E. Murphy and Lucy A. Starr from so much of the final decree as is contained in the paragraphs thereof numbered 1, 2, 3 and 4, hereinbefore quoted.

The pertinent part of the will which is the subject of this controversy is included in art. Thirteenth, clause (5), sub-

sections (a), (b) and (c). By art. Thirteenth the testator, of his holdings of one thousand, nine hundred eighty-one shares of the capital stock of the Wm. Kavanagh Furniture Co., bequeathed nine hundred eighty shares to certain named employees of that company, and provided, in clause (5), that "The remaining one thousand and one (1,001) shares of said stock are hereby given and bequeathed to said Union Trust Company of Springfield Massachusetts, but in trust, nevertheless, upon the following conditions and for the following uses and purposes, namely," (subsection [a]) ". . . my said trustee, as holder of said one thousand and one shares, shall, under the by-laws of said corporation, hold a controlling interest in said corporation for and during the period hereinafter mentioned"; (subsection [b]) "It is my intention and desire, and I so will and direct, that the said one thousand and one shares of said stock shall be assigned and transferred to said trustee as soon as expedient after the probate of this, my last will and testament, and that said trustee shall hold said shares of stock for the period of ten (10) years from and after the date of such assignment and transfer of them to it, and that said trustee shall have full power and authority to vote said shares of stock at all meetings of the said corporation's stockholders held during the said period; and it is my further intention and desire, and I so will and direct, that said trustee shall have and exercise, during the said period of ten years, all the powers and duties of a majority stockholder in relation to the care, management and control of the property and business of said corporation, and shall at all times advance and promote its best interests"; subsection (c) provides for the determination of the trust and for the final disposition of the trust *res.* It is the contention of the contestants "That the trust is void" (1) "because it is in violation of the rule against perpetuities"; (2) "because it provided an unreasonable restraint on alienation"; and (3) "because the terms of the trust are contrary to public policy."

In passing it is important to note that the bequests under art. Thirteenth to the named employees of the Wm. Kav-

anagh Furniture Co. and to the Union Trust Company of Springfield, trustee, are specific, and as such, as against the general assets, are entitled to exoneration from the funeral expenses, debts and expenses of administration. It is to be further noted that these legatees were entitled to contribution between themselves if the general or residuary legacies are not sufficient to pay the debts of the estate, and that as specific legatees they were entitled to all income and profits which accrued upon the stock after the testator's death. *Farnum* v. *Bascom,* 122 Mass. 282, 285. *Tomlinson* v. *Bury,* 145 Mass. 346. *Moffatt* v. *Heon,* 242 Mass. 201. See *In re Hodgman,* 140 N. Y. 421, 428; *Bristow* v. *Bristow,* 5 Beav. 289; *Clive* v. *Clive,* Kay, 600; *Nutter* v. *Andrews,* 246 Mass. 224.

The contestants rely upon G. L. (Ter. Ed.) c. 191, § 7, which reads: "No will, except as provided in this chapter and in chapter two hundred and nine, shall pass any property, real or personal, or charge or in any way affect the same; and no will shall take effect until it has been duly proved and allowed in the probate court. Such probate shall be conclusive as to its due execution," and contend that although it is true in the ordinary case of a bequest that the date of probating the will has nothing to do with the time of the vesting of the bequest, the rule is different in the case at bar because the date of vesting is dependent upon the date of probating the will. It is settled law that as soon as a will of real or personal property is admitted and approved the probate relates back to the death of the testator, and affirms and fixes the title of the devise or bequest thereto from that date. *Ex parte Fuller,* 2 Story C. C. 327, 329. It was, of course, legally possible for the testator to have distinctly provided that the trust created by the will should not vest in the Union Trust Company of Springfield until the will was probated. The law always gives preference to vested over contingent estates. "Where, in the construction of a clause, there is a doubt as to the point of time . . . the estate should vest, the earliest will be taken." *Kellett* v. *Shepard,* 139 Ill. 433, 443, 444. Construing the provision of art. Thirteenth, cl. (5), we

think the testator used the words, "assigned and trans-
ferred to said trustee as soon as expedient after the probate
of this, my last will and testament," for the convenience
of the executor in the settlement of the estate and not as a ·
restriction upon the time when the title to the shares should
vest in the trustee.  The words "as soon as expedient" do
not express an intent to extend indefinitely the time which,
in the administration of the estate, would necessarily have
to elapse before the actual giving of possession to the trus-
tee.  These words indicate that it was the intent of the
testator that his executor should transfer the stock as soon
as it might, having regard to the delays commonly attend-
ant upon the administration of a decedent's estate.  These
words inhere and are imposed by law upon any executor
and administrator, and they add nothing to the duties of
such trust officers.  We think the provisions of art. Thir-
teenth, cl. (5), subsections (a), (b) and (c) do not postpone
the time .when the stock is to vest in the trustee to a
time beyond the rule against perpetuities.  *Brandenburg* v.
*Thorndike*, 139 Mass. 102.  *Collis* v. *Walker*, 272 Mass. 46.
*Armstrong* v. *Barber*, 239 Ill. 389.  Gray, Rule Against
Perpetuities (3d ed.) §§ 415–416.

The contestants next contend that the trust estates are
void because the will creates an unreasonable restraint on
alienation.  This theory rests upon the alleged possibility
that the stock would not be "assigned and transferred" to
the trustee by the executor until after the lapse of more
than eleven years, and consequently the stock would be
out of the sale market for more than twenty-one years.  As
previously said the assumption that the stock would not be
assigned to the trustee in the ordinary process of the ad-
ministration of the estate is to close our eyes to the fact
that in this case the same person is constituted executor
and trustee and in equity could be compelled to make any
necessary formal transfer to effectuate the intention of the
testator.  *Brandenburg* v. *Thorndike*, 139 Mass. 102.  We
do not think there is any restraint upon alienation of the
stock which violates any rule of law, within the principles
of law applicable thereto laid down in *Southard* v. *Southard*,

210 Mass. 347, 357, or in *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 152, 153, as the contestants contend.

Nor do we think the trust is contrary to public policy, in that the trustee as the holder of a majority of stock in a corporation has power through its votes to control the election of directors and the manager of the corporation. Such power is an incident merely of the ownership of the stock of the corporation and unless abused is beyond the reach of the courts. It results that the decree of the Probate Court, "That the trust is not valid," must be reversed; that the request of the executor for instructions numbered 1 is answered: The trust is valid; that there is no occasion to answer requests of the executor numbered 2, 3, 4 and 5, each of which is predicated upon the assumption that request numbered 1 will be answered: The trust is invalid.

The guardian *ad litem* and Frank D. Nelen, Anna B. Cavanagh, Lucy A. Starr and William E. Murphy are to be paid out of the trust fund their costs and their reasonable charges for disbursements, and for counsel fees taxed as between solicitor and client in the discretion of the Probate Court.

*Decree accordingly.*