**In re Randy Dale MEANS, and Delores Mae Butler Means, Debtors.**

**Bankruptcy No. 81–00347–C.**

United States Bankruptcy Court,
W. D. Missouri, C. D.

Jan. 22, 1982.

R. L. Veit, Jefferson City, Mo., for debtors.

Jack E. Brown, Columbia, Mo., trustee.

## ORDER COMPELLING TRUSTEE TO RELEASE EXEMPT ASSETS

FRANK P. BARKER, Jr., Chief Judge.

On November 30, 1981 the debtor, Delores Butler Means, filed a motion for an order compelling the trustee in bankruptcy to release to the debtor, as exempt assets, proceeds of the estate of Voyd Elwood Butler, the debtor's father. A hearing was held before this Court on December 10, 1981.

The debtor filed her bankruptcy petition February 9, 1981. On March 5, 1981, the debtor's father died. Letters testamentary were granted to one Virginia Lee Johnson on March 20, 1981. The final settlement of Mr. Butler's estate occurred on November 22, 1981.

The debtor's share of this estate, which was turned over to the trustee, consisted of $5,235.81 from the sale of real estate and $7,934.68 from the sale of personal property.

The debtor argues that the sum that represented the proceeds of real estate is exempt under 11 U.S.C. § 522(d)(5). Title to an intestate's real property vests directly in the heirs at the time of death. *Hill v. Morrison*, 436 S.W.2d 255, l.c. 256 (Mo.App.1969) This property under 11 U.S.C. § 541(a)(5) became part of the bankruptcy estate, as it was acquired " .... by bequest, devise, or inheritance..." within 180 days of the filing of bankruptcy. However, the debtor may exempt these real property proceeds up to the statutory maximum of 11 U.S.C. § 522.

The debtor contends that the personal property passed to the executor at the death of Mr. Butler, and that the debtor was not entitled to this property until November 22, 1981, more than 180 days after the date of this bankruptcy filing. As such, the debtor argues that this property did not become part of the bankruptcy estate.

This Court agrees with the debtor, that heirs have no legal title to personalty of an intestate's estate until an order of distribution has been made. *Darr v. Thomas*, 106 S.W. 95, 127 Mo.App. 1 (1907); *State v. Hensley*, 358 S.W.2d 85 (Mo.App.1962) Title to the personalty of an intestate is in the administrator and, until proper ascertainment of a surplus after paying debts and costs of administration, an heir is not entitled to any part thereof. *People's Savings Bank v. Hoppe*, 111 S.W. 1190, 132 Mo.App. 449 (1912).

However, this Court disagrees with the debtor's contention that the personalty did not become part of the bankrupt's estate. When Mr. Butler died, the debtor was vested immediately with the equitable title to her share of all the personalty, subject to the expenses of administration and creditor's claims. *Williams v. Patterson*, 240 Mo. App. 131, 218 S.W.2d 156, 171 (1949) See also *Bostain v. Milens*, 239 Mo.App. 555, 193 S.W.2d 797, 801–802, 803–804 (1946).

Further, 11 U.S.C. § 541(a)(5) refers to an "interest" in property, not "title" to property, and 11 U.S.C. § 541(a)(1) specifically states that " ... all legal or equitable interests of the debtor in property..." becomes property of the bankruptcy estate. As such, this property became part of the bankruptcy estate.

However, the debtor may exempt these personal property proceeds up to the statutory maximum of 11 U.S.C. § 522. It is thus,

ORDERED, that the Trustee release the above assets of the bankruptcy estate to the extent of the allowable and claimed exemptions under 11 U.S.C. § 522.