## In the Matter of John Emmett POWELL and Linda Jane Powell, Debtors.

## BOATMEN'S BANK OF CARTHAGE, Movant,

v.

## John Emmett POWELL, Linda Jane Powell and James Ray Powell, Jr., as personal representative of the estate of James Ray Powell, Respondents.

Bankruptcy No. 87–00358–SW–12–DJS.
Adv. No. 38–0033–SW–12.

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

May 9, 1988.

J. Kevin Checkett, Esterly & Checkett, Carthage, Mo., for movant.

James L. Bowles, Ozark, Mo., for respondents.

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

DENNIS J. STEWART, Chief Judge.

The movant Boatmen's Bank of Carthage filed this adversary action to compel the defendant John Emmett Powell to count as part of the within estate an amount of a distribution from a decedent's estate which Boatmen's alleges he became entitled to receive within 180 days of the date of bankruptcy within the meaning of section 541(a)(5) of the Bankruptcy Code. A trial of the merits of the action was held on April 22, 1988, in Joplin, Missouri. The evidence which was then adduced showed that the defendant James Emmett Powell was a beneficiary of a certain will made by a decedent; that a later will made by the same decedent, under which James Emmett Powell was not a beneficiary, was initially admitted to probate; that the beneficiaries of the former will then initiated a contest and the order admitting the later will was vacated; that the state probate court never made a decision as to which will was to be finally admitted to probate because the parties reached a settlement; and that, by reason of an order of the probate court, entered more than 180 days after the date of commencement of the within bankruptcy proceedings, John Emmett Powell first became entitled to receive the monies from the decedent's estate which plaintiff now alleges belong in the bankruptcy estate.

This court therefore, at the conclusion of the trial, held that, when John Emmett Powell became "entitled to receive" the award only after the 180 days had passed, the literal language of section 541(a)(5) pre-

vented the legacy from becoming part of the bankruptcy estate. That provision is to the effect that the estate is comprised of, *inter alia:*

"An interest in property that would have been property of the estate if such an interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date ... by bequest, devise or inheritance."

The movant now moves to alter or amend the judgment thus issued by the court, contending that, under the state law of Missouri, the defendant had vested rights in the property in question before the date of bankruptcy; that, under the Missouri state law, all parties to a will contest are interested parties and thus have a property "interest"; that, "even though a debtor is not vested immediately with legal title to personal property of a decedent, the debtor has equitable title to the property at the time of death"; that, "as such, a debtor's right to the personal property of a decedent is property of the bankruptcy estate"; and that:

"Although debtor, John Powell, did not have full title and did not have such until November 1987 or January 1988 (both of which dates are more than 180 days after the date of bankruptcy) the law from this Court is quite clear Powell did not need to have 'title' under the broad scope of Section 541(a)(5). Powell became entitled to property interest long before filing for bankruptcy."

The reference to the "law from this Court" is the decision handed down by a former bankruptcy judge, *In re Means,* 16 B.R. 775, 776 (Bkrtcy.W.D.Mo.1982). In that case, it was held that (1) the debtor, who filed a bankruptcy petition on February 9, 1981, had legal title of the real property devised to her and equitable title to the personalty bequeathed to her by the will of her father, who died on March 5, 1981, from the date of the father's death, and that property became property of the estate under section 541(a)(1) which "specifically states that '... all legal or equitable interests of the debtor in property ...' become ... property of the bankruptcy estate," 16 B.R. at 776, and (2) that the same interests became property of the estate under section 541(a)(5) "as it was acquired '... by bequest, devise or inheritance ...' within 180 days of the filing of bankruptcy." With due respect, however, it must be observed that the *Means* decision is erroneous in two critical respects: (1) it holds that section 541(a)(1) applies to an interest in property which initially vests after the date of bankruptcy, when that section by its own literal terms applies only to legal or equitable interests which are in existence as of the date of bankruptcy[1] and (2) it holds that section 541(a)(5)(A) applies to interests which vest after the date of bankruptcy, without consideration of whether the debtor became entitled to acquire that interest within 180 days of the date of bankruptcy.[2] The literal wording of section 541(a)(5)(A), however, provides that, in order for the bequest, legacy or inheritance to become a part of the bankruptcy estate it must both (1) have "been an interest of

---

**1.** In *Means,* "(t)he debtor filed her bankruptcy petition February 9, 1981. On March 5, 1981, the debtor's father died." 16 B.R. at 776. The court held that the property was included in the estate, both under section 541(a)(1) and section 541(a)(5)(A) of the Bankruptcy Code. Both of those sections, however, apply only to property which was a legal or equitable interest as of the date of bankruptcy. Thus, the former section provides that the "estate is comprised of ... all legal or equitable interests of the debtor in property *as of the commencement of the case*" (emphasis added) and the latter section includes interest acquired by bequest, devise or inheritance *"if such interest had been an interest of the debtor on the date of the filing of the petition*

and ... the debtor acquires (it) or becomes entitled to acquire (it) within 180 days after such date." (Emphasis added.).

**2.** Cf. note 1, *supra.* Nevertheless, despite the fact that no property interest could have vested in the *Means* case until after the date of bankruptcy, the court held that: "Further, 11 U.S.C. section 541(a)(5) refers to an 'interest' in property, not 'title' to property, and 11 U.S.C. section 541(a)(1) specifically states that '... all legal or equitable interests of the debtor in property ...' become property of the bankruptcy estate. As such, this property became part of the bankruptcy estate."

the debtor on the date of the filing of the petition" and (2) become an interest which the debtor acquires or becomes entitled to acquire within 180 days of the date of bankruptcy. According to the facts of this case, the debtor John Emmett Powell did not acquire or become entitled to acquire the interest until after 180 days after the date of bankruptcy had elapsed, even though once he acquired it, that interest may have, by operation of law, related back to the decedent's date of death. The requirements of section 541(a)(5)(A), accordingly, were not met. It is therefore

ORDERED that plaintiff's motion to alter or amend judgment be, and it is hereby, denied.