In re Leon LONSTEIN, Debtor.

Leon LONSTEIN, Appellant,

v.

Matthew D. ROCKMAN, Appellee.

No. 91–1608.

United States Court of Appeals, First Circuit.

Heard Nov. 5, 1991.

Decided Dec. 4, 1991.

Stephen Gordon, Boston, Mass., for appellant.

Matthew D. Rockman, Northboro, Mass., for appellee, with whom Carl D. Aframe, Worcester, was on brief, for Olga Gurwitz, party in interest.

Before BREYER, Chief Judge, COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.

CYR, Circuit Judge.

Debtor Leon Lonstein appeals from a district court judgment affirming a bankruptcy court decision which held that Lonstein's interest in an undistributed testamentary bequest became property of the chapter 7 estate at the time of the commencement of the case. We affirm.

---

**1.** Bankruptcy Code § 541(a)(1) provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and *by whomever held:*

(1) Except as provided in subsections (b) and (c)(2) of this section, *all legal or equitable interests* of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1) (emphasis added). Lonstein does not contend that either subsection 541(b) or 541(c)(2) is implicated. However, Lonstein does cite several decisions as support for the proposition that some types of property in which the debtor has an equitable interest at the commencement of the chapter 7 case, such

## I

### BACKGROUND

An involuntary chapter 7 case was commenced against Lonstein under Bankruptcy Code § 303, 11 U.S.C. § 303, on June 30, 1989, more than a decade after his mother's will was probated and allowed in Florida. Under the will, Lonstein was bequeathed an unrestricted ten percent interest in the decedent's estate, which was not distributed until June 15, 1990, almost one year after the commencement of the chapter 7 case. Lonstein contended in the bankruptcy court and the district court, and continues to maintain on appeal, that Bankruptcy Code § 541(a)(5)(A), 11 U.S.C. § 541(a)–(5)(A), restricts the scope of Bankruptcy Code § 541(a)(1), 11 U.S.C. § 541(a)(1), upon which the claim of the chapter 7 trustee depends. The trustee in bankruptcy moves for the imposition of sanctions for a frivolous appeal. *See* Fed. R.App.P. 38.

## II

### DISCUSSION

Appellant Lonstein insists, notwithstanding subsection 541(a)(1), that subsection 541(a)(5)(A) dictates that a debtor's interest in an undistributed bequest, devise, or inheritance does not become property of the chapter 7 estate unless it is distributed within 180 days *after* the commencement of the case.[1] The issue is controlled by subsection 541(a)(1).

---

as the corpora of spendthrift trusts, are nevertheless not included within the chapter 7 estate. *See, e.g., In re Hecht*, 54 B.R. 379, 382–83 (Bankr.S.D.N.Y.1985). Under § 541(c)(2) an interest of the debtor in property does not become part of the bankrupt estate under § 541(a)(1), (2), or (5) to the extent that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust ... is enforceable under *applicable nonbankruptcy law ....*" While the undistributed corpus of a spendthrift trust generally may not be reached to satisfy claims of the beneficiary's creditors, either in or outside of bankruptcy, any income actually available or distributed to the beneficiary prior to bankruptcy, or within 180 days of the commencement of the case, may become a part of the bankrupt estate

The involuntary chapter 7 petition filed on June 30, 1989, commenced a chapter 7 case, 11 U.S.C. § 303(b), and created the chapter 7 estate, *id.* § 541(a), which is represented by the trustee in bankruptcy and comprised of "all legal or equitable interests of the debtor in property as of" June 30, 1989, *id.* § 541(a)(1). Thus, the undistributed bequest became property of the chapter 7 estate at the time of the commencement of the case, unless it was neither a legal nor an equitable interest of the debtor under nonbankruptcy law.[2] *See 4 Collier on Bankruptcy* ¶ 541.07[1], at p. 541–30 (15th ed. 1991) ("the Code provide[s] ... [no] rules for determining whether the debtor has an interest in property.... Determination of these issues, therefore, requires resort to nonbankruptcy law.") (footnote omitted). *Cf. In re Gull Air, Inc.,* 890 F.2d 1255, 1261, 1261 n. 8 (1st Cir.1989).

Subsections 541(a)(1) and (a)(5)(A) focus on mutually exclusive time periods. Thus, under the express language of subsection 541(a)(1), any legal or equitable interest of the chapter 7 debtor in a bequest as of the *commencement* of the chapter 7 case is property of the chapter 7 estate. Bankruptcy Code § 541(a)(5)(A), on the other hand, is not implicated unless "the debtor acquires or becomes entitled to acquire" an "interest in property" by bequest "within 180 days *after*" the date of the commencement of the case (emphasis added). Since Lonstein's interest under the decedent's will vested long before the commencement of the chapter 7 case, any property interest Lonstein had under Florida law in the undistributed bequest at the date of the com-

mencement of the case became property of the chapter 7 estate under subsection 541(a)(1), and subsection 541(a)(5)(A) was never activated. *See 4 Collier on Bankruptcy,* ¶ 541.19[18], at p. 541–102 ("If the debtor's interest in property passing by any of the means specified in section 541(a)(5) actually arises *prior* to the filing of the petition, the interest becomes property of the [debtor's] estate under section 541(a)(1).... regardless of whether the value of such interest has been determined or distributed or whether the [decedent's] estate of which it is a part is subject to administration" (emphasis in original) (footnotes omitted)).

The compound interpretation advocated by Lonstein not only impermissibly deprives each subsection of independent meaning but misconstrues significant language common to both subsections. For example, Lonstein misinterprets "interest in property"—the operative term in each subsection—as synonymous with "property," thereby facilitating an inference that neither subsection is satisfied until the debtor acquires *possession* of the property, as distinguished from an *interest* in the property. Furthermore, Lonstein's interpretation is foreclosed by the prefatory language in subsection 541(a) itself—"wherever located and *by whomever held*"—which modifies both subsection 541(a)(1) and subsection 541(a)(5). Finally, Lonstein's interpretation is precluded by the express language of subsection 541(a)(5)(A), which covers into the chapter 7 estate any "interest in property ... that the debtor ... *becomes entitled to acquire within 180 days after*"

    (A) *by bequest,* devise, or inheritance;
11 U.S.C. § 541(a)(5)(A) (emphasis added).

under § 541(a)(1) or (5). Since Lonstein's bequest did not involve a spendthrift trust, these cases are clearly inapposite.

Bankruptcy Code § 541(a)(5)(A) provides:
  (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and *by whomever held:*
    ....
  (5) *Any interest in property* that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and *that the debtor acquires or becomes entitled to acquire within 180 days after such date—*

**2.** Lonstein offers no authority, or theory, for his conclusory assertion that Massachusetts law should apply rather than Florida law. *See United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990), *cert. denied,* 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Moreover, Massachusetts law is no more favorable to Lonstein's position. *See infra* at p. 80.

the commencement of the case "by bequest...." (emphasis added).

 Under Florida law, Lonstein's legal interest in the unrestricted testamentary bequest vested at the time of his mother's death. *See Fla.Stat.* ch. 732.514 (1977) ("The death of the testator is the event that vests the right to devises unless the testator in his will has provided that some other event must happen before a devise shall vest."); *see also In re Rice,* 406 So.2d 469, 473 (Fla.Dist.Ct.App.1981) (§ 732.514 codifies common law doctrine favoring earliest possible date for vesting of "devises" of personal property); *cf. Ray v. Rotella,* 425 So.2d 94, 96, 96 n. 2, n. 3 (Fla.Dist.Ct. App.1983) (estate of decedent never receives title to devises; devisees receive title subject to personal representatives' statutory right to possession and right to deny beneficiary immediate distribution of property for limited purposes delineated in § 733.608).[3] Alternatively, under Massachusetts law the vesting event would have been the date of the allowance of the will by the probate court, *see Mass.Gen.L.* ch. 191, § 7 (1990) ("No will, except as provided in this chapter ... shall pass any property, real or personal, or charge or in any way affect the same; and no will shall take effect until it has been duly proved and allowed in the probate court."), but the passing of title is deemed to have related back to the date of the testator's death, *Union Trust Co. of Springfield v. Nelen,* 283 Mass. 144, 186 N.E. 66 (1933) ("It is settled law that as soon as a will of real or personal property is admitted and approved the probate relates back to the death of the testator, and affirms and fixes the title of the devise or bequest thereto from that date."). Thus, Lonstein's interest was acquired, at the latest, at the time the Florida will was allowed, years before the commencement of the chapter 7 case.[4]

---

3. Lonstein contends that § 732.514 applies to the vesting of specific devises only, and not to a general bequest. The language of section 732.-514 is not so qualified, and Lonstein cites no authority for the contention.

*The judgment of the district court is affirmed; double costs to appellee.*

---

4. Although appellee's request for sanctions under Fed.R.App.P. 38 presents a close question, we conclude that the imposition of double costs is more appropriate in the circumstances.