**In re Jordan H. CHAPPEL, a/k/a Silver State Machine & Tool Co., a/k/a Marin Automatics, Debtor.**

**Jordan H. CHAPPEL, a/k/a Silver State Machine & Tool Co., a/k/a Marin Automatics, Appellant,**

v.

**James S. PROCTOR, Trustee, and Krupka & Associates, Appellees.**

BAP No. NV–95–1249–RAsMe.
Bankruptcy No. N–89–31093.
Adv. No. 91–042.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 16, 1995.

Decided Nov. 1, 1995.

Paul J. Williams, Robert H. Broili, Reno, NV, for appellant Jordan H. Chappel.

J. William McNulty, Reno, NV, for appellee James Proctor.

M. Celeste Luce, Reno, NV, for appellee Krupka & Assoc.

Before: RUSSELL, ASHLAND, and MEYERS, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

### I. FACTS

On August 23, 1989, the debtor, Jordan H. Chappel ("Chappel" or "debtor"), filed for bankruptcy relief under chapter 11.[1] On August 19, 1989, four (4) days before the debtor filed his petition, the debtor's mother, Nadine M. Hunter ("Hunter" or "testatrix") died.

At the time of her death, Hunter was a resident of California and the assets in her estate were also located in California. Hunter held certain of her assets in trust and the rest were bequeathed by will. The debtor and his only sister, Jordine Wood ("Wood") were named as co-beneficiaries of the trust and legatees under the will. Hunter's estate ("probate estate") had an estimated value of over $2 million dollars.

On October 2, 1989, the debtor, as executor of Hunter's estate, filed a petition for probate of the will, for letters testamentary of the estate and for authorization to administer the estate. Wood objected to the petition and later filed her own petition for probate and for authorization to administer the estate. Wood's objection was based upon alleged wrongdoing by the debtor which included the alleged withdrawal of $13,975 from Hunter's bank account on October 30, 1989. The debtor subsequently filed an objection to Wood's petition.

On May 16, 1990, the siblings entered into a stipulation for compromise, release and settlement ("the compromise"), which was filed in the Humboldt Superior Court and approved by the bankruptcy court on July 10, 1990. The compromise settled the dispute between the siblings over the probate estate and required the debtor to obtain bankruptcy court approval prior to receiving any distribution from Hunter's estate.

On February 7, 1991, upon motion by the United States Trustee, the debtor's chapter 11 case was converted to chapter 7 and

---

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

James S. Proctor was appointed the chapter 7 trustee ("trustee").

On July 13, 1994, the debtor filed a motion for an order to show cause why the trustee should not be removed, or in the alternative, whether the probate estate constituted an asset of the bankruptcy estate. On July 15, 1994, the bankruptcy court issued an order staying any distribution of the debtor's interest from the probate estate and set a briefing schedule on the issue of whether the debtor's interest in the probate estate was an asset of the bankruptcy estate.

Both the debtor and the trustee filed briefs, and Krupka & Associates ("Krupka"), a creditor of the estate and a third-party appellee in this appeal, submitted a third-party brief.[2] On January 6, 1995, the bankruptcy court issued an order finding that the debtor's interest in the probate estate was property of the bankruptcy estate.[3]

On January 17, 1995, the debtor filed a motion to alter or amend the order. The motion was heard on February 13, 1995. On February 23, 1995, the bankruptcy court denied the debtor's motion.[4] The debtor filed this timely appeal.

## II. ISSUES

Whether a debtor's interest in a probate estate is property of the estate pursuant to § 541(a)(1) when the testatrix dies prepetition and the will is admitted to probate more than one hundred and eighty (180) days after the bankruptcy petition is filed.

**2.** Krupka also filed a third-party brief in this appeal. For purposes of this bench memorandum, we refer to the trustee's arguments only because Krupka's arguments are essentially the same as those made by the trustee.

**3.** The bankruptcy court's January 6, 1995, order also concluded that the $13,975 which was alleged to have been withdrawn by the debtor from the decedent's bank account was property of the estate and ordered the debtor to account to the trustee for the property that he received from his deceased mother.

**4.** At the hearing on the debtor's motion to alter or amend the order, the bankruptcy court continued the issue of whether the $13,975 had been accounted for because neither party provided the court with documentation to prove the money

## III. STANDARD OF REVIEW

■ A bankruptcy court's interpretations of bankruptcy statutes and relevant state law are conclusions of law, reviewed *de novo*. *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir.1993); *In re Crosby*, 176 B.R. 189, 192 (9th Cir. BAP 1994).

## IV. DISCUSSION

■ The debtor argues that his interest in the probate estate is not property of the bankruptcy estate because he did not acquire an interest in the probate estate until the will was entered into probate, more than one hundred and eighty (180) days after the filing of his bankruptcy petition.[5] Specifically, the debtor contends that because his interest was a mere expectancy until the will was probated, his interest is not property of the estate pursuant to § 541(a)(1) or (5).

In response, the chapter 7 trustee contends that the debtor acquired an interest in the probate estate on the date of the testatrix's death. The testatrix died prepetition and thus the debtor's interest is property of the estate pursuant to § 541(a)(1).

A. *The probate estate interest as property of the estate*

■ The existence and scope of a debtor's interest in a given asset is determined by state law. *Butner v. United States*, 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979); *In re Farmer's Markets, Inc.*, 792

had or had not been deposited into the chapter 11 account. This matter was set for hearing on March 2, 1995. It is unclear from the bankruptcy court docket or the record on appeal whether this issue has been resolved.

**5.** It is undisputed that the parties entered into the compromise on May 16, 1990, and the will was admitted to probate on May 31, 1990. However, the debtor uses both dates interchangeably as the date he acquired his interest in the probate estate.

We note that whether the debtor relies on May 16th or May 31st does not affect his argument because both dates are more than 180 days after the petition was filed. For clarity, this opinion refers to May 31, 1990, as the date the debtor acquired his interest in the probate estate.

F.2d 1400, 1402 (9th Cir.1986). In the instant case, we apply California law because the probate estate is located in California. *Matter of Gervich,* 570 F.2d 247, 251 (8th Cir.1978). Accordingly, the first issue in this case is simply when, under California law, the debtor obtained an interest in the probate estate.

The California Probate Code provides in relevant part:

> § 7000. *Passage to devisee or intestate heirs*
>
> Subject to Section 7001, title to decedent's property passes on the decedent's death to the person to whom it is devised in the decedent's last will or, in the absence of such a devise, to the decedent's heirs as prescribed in the laws governing intestate succession.

CAL.PROB.CODE § 7000 (WEST 1991).

■ The statute is clear that title to a decedent's property passes to the beneficiary at time of death. *See also Neustadter v. United States,* 90 F.2d 34, 38 (9th Cir.1937); *Wells Fargo Bank & Union Trust Co. v. United States,* 245 F.2d 524, 534 (9th Cir. 1957); *Allen v. Markham,* 156 F.2d 653 (9th Cir.1946), *rev'd in part on other grounds and aff'd in part sub nom., Clark v. Allen,* 331 U.S. 503, 67 S.Ct. 1431, 91 L.Ed. 1633 (1947). Thus, in the instant case, the debtor acquired an interest in the probate estate when the testatrix died on August 19, 1989, which was four (4) days before the debtor filed his bankruptcy petition.[6]

Without any reference to state law, the debtor argues that his interest in the probate estate was a mere expectancy and not property of the bankruptcy estate until the will was admitted to probate.[7] This panel disagrees with the debtor's argument. First, the debtor's argument ignores that state law

is the starting point for determining whether he has a property interest in the probate estate. Under California law, the debtor acquired rights under the will on the date the testatrix died. This interest can hardly be characterized as a mere expectancy, regardless of the status of the probate proceedings.

After establishing the debtor's interest under state law, we turn to the second issue of whether the interest in the probate estate is property of the bankruptcy estate. Section 541 sets the uniform standard for determining whether an interest is included as property of the bankruptcy estate. Section 541(a)(1) provides in relevant part:

> (a) The *commencement of a case* under section 301, 302, or 303 of this title *creates an estate.* Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, *all legal or equitable interests of the debtor in property as of commencement of the case.*

11 U.S.C. § 541(a)(1) (emphasis added).

In the instant case, the bankruptcy estate was created August 23, 1989, the date the debtor filed for chapter 11 relief. On this date, the debtor's interests, including his interest in the probate estate that he acquired four (4) days earlier, transferred to the bankruptcy estate. § 541(a)(1); *Farmers Markets,* 792 F.2d at 1402. We conclude the debtor's right to a distribution from the probate estate of a testatrix who died prepetition is property of the estate, even if the bequest had not been distributed at the time the debtor filed for bankruptcy.

### 1. *The debtor misconstrues § 541*

■ In reaching our conclusion that the interest is property of the estate, this panel

---

**6.** Cases decided under statutes similar to the California Probate Code have reached the same conclusion. *See, e.g., In the Matter of Chenoweth,* 3 F.3d 1111, 1113 (7th Cir.1993) (affirming that under Illinois law the debtor became entitled to acquire property bequeathed to her in the will when the testator died); *In re Lonstein,* 950 F.2d 77, 80 (1st Cir.1991) (deciding under Florida law that title vests upon death of testator); *In re Means,* 16 B.R. 775, 776 (Bankr.W.D.Mo.1982) (same).

**7.** In the debtor's Reply Brief, he concedes that state law determines whether an individual holds an interest in property. Yet, the brief does not discuss applicable California law. Instead, the debtor argues that because the 1978 Bankruptcy Code abandoned the concept of "vesting" and replaced it with the requirement that a debtor must have an immediate possessory interest in the subject property, a mere expectancy interest cannot be property of the bankruptcy estate.

rejects the debtor's construction of § 541. The debtor mistakenly contends that the phrase "the following property" in § 541(a) is designed to limit the scope of "all legal or equitable interests of the debtor in property as of the commencement of the case" set forth in subsection (a)(1). According to the debtor, subsection (a)(1) is followed by six (6) subsections which limit the scope of "all legal and equitable interests". Therefore, according to the debtor, "all interests" does not mean "all", but means only those interests set forth in subsections (a)(2) through (7).[8]

The precise language of § 541(a)(1) is "all legal or equitable interests of the debtor in property as of the commencement of the case". The legislative history of the Bankruptcy Code reveals that the concept of property of the estate is to be interpreted broadly. H.R.Rep. No. 595, 95th Cong., 1st Sess. 367–68 (1977), *reprinted in* U.S.C.C.A.N. 5787, 5963, 6323–24. Similarly, the Supreme Court has affirmed that the scope of § 541(a)(1) is broad, covering all kinds of property, including tangible or intangible causes of action and all other forms of property previously specified in § 70(a) of the Bankruptcy Act. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 204–05 & n. 9, 103 S.Ct. 2309, 2314 & n. 9, 76 L.Ed.2d 515 (1983).

The debtor's argument that subsections (a)(2) through (a)(7) impose limits on the meaning of subsection (a)(1) would deprive subsection (a)(1) of its meaning. In fact, except for (a)(2) (specific provision for community property), these subsections deal with situations in which the debtor arguably would not have an interest in the property at the commencement of the case. Therefore, Congress' intent was not to limit the language of the statute, but to include these separate provisions for specific kinds of property.

### 2. *An interest acquired prepetition is not part of the debtor's fresh start*

The debtor argues that because the will was probated more than one hundred and eighty (180) days after he filed for bankruptcy, his interest in the probate estate is part of his fresh start. In support of this argument the debtor relies on *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974) and *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

As the Historical Notes to the Bankruptcy Code indicate, *Segal* remains good law even though it was decided under the Bankruptcy Act. However, neither *Segal* nor *Kokoszka* supports the debtor's argument that Congress intended to limit the scope of § 541 to ensure that certain interests are retained by the debtor to facilitate a fresh start. Both cases held that the interests at issue, the right to a loss-carryback refund claim and an income tax refund, respectively, were property of the bankruptcy estate. In these cases, any reference to the debtor's fresh start was in the context of a debtor's ability to accumulate new wealth after the date of the bank-

---

8. **11 U.S.C. § 541. Property of the estate**
 (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
 (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
 (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
 . . . .
 (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.
 (4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

 (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
 (A) by bequest, devise, or inheritance;
 (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or a final divorce decree; or
 (C) as a beneficiary of a life insurance policy or of a death benefit plan.
 (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.
 (7) Any interest in property that the estate acquires after the commencement of the case.

ruptcy petition through wages or other means. Here, the debtor acquired his interest in the probate estate before he filed for bankruptcy relief. Thus, the debtor's reliance on the above cases for the proposition that the inheritance is part of his fresh start is inaccurate and without merit.

### 3. Section 541(a)(5) applies to after acquired property

 The debtor concludes that his interest in the probate estate is not property of the bankruptcy estate pursuant to § 541(a)(5).[9] The debtor asserts that subsection (a)(5) applies to this case because the interest at issue was acquired by "bequest, devise or inheritance". The debtor further contends that because he acquired his interest more than one hundred and eighty (180) days after the petition was filed, the interest is not property of the bankruptcy estate.

Consistent with our reasoning that the interest is property of the estate pursuant to § 541(a)(1), we conclude that subsection (a)(5) does not apply to these facts. The interest at issue was acquired prepetition and, therefore, § 541(a)(5) does not apply. Section 541(a)(5) applies to interests acquired postpetition where the measuring death occurs between the filing of the bankruptcy petition and the termination of the one hundred and eighty (180) day period. According to the debtor's interpretation of subsection (a)(5), a debtor legatee who wanted to keep a legacy out of the bankruptcy estate would only have to prolong probate of the will for one hundred and eighty (180) days. Clearly this result is not what Congress intended, nor is it supported by § 541.

The debtor bases his argument on *In re Powell*, 92 B.R. 378 (Bankr.W.D.Mo.1988). We note that *Powell* has received extensive criticism for its misapplication of subsection (a)(5). *See, e.g., In the Matter of Chenoweth,*

3 F.3d 1111, 1112 (7th Cir.1993); *In re Bentley*, 120 B.R. 712, 716 (Bankr.S.D.N.Y.1990).

The *Powell* court held that the debtor did not acquire an interest in the probate estate until the probate court entered an order entitling the debtor to receive his legacy. In that case, the probate court order was entered more than one hundred and eighty (180) days after the commencement of the bankruptcy case. Applying § 541(a)(5), the bankruptcy court concluded the interest was not property of the estate. On the merits, we disagree with *Powell*. Further, for the reasons stated above, we conclude that subsection (a)(5) does not apply to these facts.

### B. Administrative expense priority under § 503(b)(1)(A)

In the debtor's motion to alter or amend the bankruptcy court's order, the debtor argued that he was entitled to administrative expense priority for the $15,000 he allegedly invested to establish the will and establish his rights under the will.[10] At the hearing on the motion, the bankruptcy court orally rejected this argument on the grounds that the debtor had expended his time and money to preserve the asset for himself, not for the benefit of his creditors. The bankruptcy court also found that the debtor had a duty to preserve the probate estate interest and refused to grant the motion.

The bankruptcy court order of January 6, 1995, and the order which the debtor has appealed in this proceeding, only addressed whether the debtor's interest was property of the estate. The debtor did not assert his claim for administrative expense priority until he brought the motion to amend that order. Thus, the issue of whether the debtor has a priority claim is not before this panel. In addition, we note that because we were not provided with the bankruptcy court's order on the motion to alter or amend the January 6th order, it is unclear whether the

---

9. For the full text of § 541, see footnote 8.

10. It is unclear from the record how much the debtor actually spent in pursuing this asset. In his third amended disclosure statement, the debtor listed his costs as approximately $15,000, but in his appellate brief the debtor claims the expenses totaled $20,000.

Furthermore, although the debtor's attorney did not specifically refer to this these expenses as an administrative priority claim, it is implicit in his argument that the debtor's expenses were incurred as an actual and necessary cost of preserving the estate pursuant to § 503(b)(1)(A).

bankruptcy court ever ruled on this issue. Accordingly, this panel does not reach the merits of the issue concerning the debtor's administrative expense priority claim.

## V. CONCLUSION

We conclude as a matter of law that the debtor acquired an interest in the probate estate when the testatrix died. Because the debtor acquired this interest prior to filing his chapter 11 petition, this interest became property of the bankruptcy estate pursuant to § 541(a)(1) on the date the debtor filed for bankruptcy relief. Accordingly, we AF-FIRM.