McCann, John S., J.
The plaintiff is represented by David O. Scott, Esq. The defendant is represented by Deborah A. Eliason, Esq., Jonathan D. Eichman, Esq. and Mark R. Reich, Esq.

INTRODUCTION

The Verified Complaint of the plaintiff, Paul T. Marchand, Executor of the Estate of Kay Marchand (Marchand), seeks injunctive relief and monetary damages for the unauthorized use of land alleged to be in the name of Marchand by Blackstone. There are five counts: (I) trespass; (II) violation of Civil Rights; (III) negligence; (IV) conversion; and (V) eminent domain. I
The issue which came before this Court was an Ex Parte Motion for a Temporary Restraining Order which was allowed after a Short Order of Notice and the issuance of a Preliminary Injunction which was allowed after a hearing and Blackstone’s Motion to Dissolve the Temporary Restraining Order and Opposition to the Issuance of a Preliminary Injunction.

FACTUAL BACKGROUND

The property in question relates back to a deed from Antoinette Dufresne and others to Kay M. Licht, who subsequently married Paul T. Marchand, hence her name became Kay Marchand. The property consisted of approximately fourteen acres. It was conveyed to Kay M. Licht on May 10, 1983 by deed recorded in Worcester District Registry of Deeds Book 7767, Page 115. The deed was subject to a permanent easement 20 feet wide and an additional temporary easement 30 feet wide, as described in a separate deed of easement recorded simultaneously with the original deed in Worcester District Registry of Deeds Book 7767, Page 117.
The latter deed of easement was from Antoinette Dufresne to the Town of Blackstone. It contained a permanent easement and a temporary easement. The permanent easement was a 20-foot wide easement extending better than 200 feet across the property of Licht. It was for the specific purpose to install, maintain, repair and replace a water main in and over the strip. The additional 30-foot easement was a construction easement to be used only during the construction of the water main. The consideration of the easement deed allowed the premises in question to be connected to the water main. The easement deed was also dated May 10, 1983.
The construction phase eventually ended. Therefore, the temporary easement expired. The permanent easement with the right to install, maintain, repair and replace the water main remained in effect and remains so to this date, as it is a permanent easement, which runs with the land.
Kay Marchand was formerly Kay Licht. She was married to Paul Marchand (date unknown). Kay Marc-hand executed a will on July 29, 1992. By her will, she left all of her estate to her spouse Paul Marchand; and if he did not survive her, then to her two children Steven Licht and Robert Licht; and to her husband’s two children Paul T. Marchand, Jr. and Steven Marchand equally or to the respective survivors of them. Her husband Paul Marchand was named Executor of her will.
This Court takes judicial notice of Worcester Probate Court Docket No. 99P0128EP1 and all of the papers filed therein. Some, but not all of the Probate papers, were filed with this court with the Complaint. Kay Marchand died on January 29, 1994. She is survived by her husband Paul Marchand. He is named Executor of her will. A Petition for Probate was filed by her husband on January 14, 1999. The decree allowing the will was allowed four and a half years later on October 17, 2003, the effective date of Paul Marchand being appointed as Executor under the will of Kay Marchand. He still serves as Executor as no final account has been filed. An Inventory was filed December 3, 2003. The only asset listed in the Inventory is the real estate in question.
On March 12, 2004, approximately five months after the appointment of Paul Marchand as Executor of the Estate of Kay Marchand, Blackstone gave notice to Marchand, individually, at his home address informing him that he had an opportunity as owner to accompany the appraiser on an inspection of property for purposes of an Eminent Domain taking. Blackstone was notified by Marchand’s lawyer that Marc-hand declined to sign anything. Consequently, on the *26 date as stated, a copy of the notice of that opportunity was forwarded to Marchand, Certified Mail, accompanied by a chart of the proposed easement and temporary easement. The proposed easement again consisted of a permanent easement and a temporary easement essentially over the same area as the existing 20-foot easement for the water main and what was previously the temporary easement for the construction of the water main, although it may have been larger in some degree than the original temporary easement.
The new proposed easement was for a substantially expanded use, including use for utility purposes which may include, but was not limited to, the construction, inspection, repairing, removing, replacing, operating and forever maintaining drainage, water lines and a sanitary sewer or sewers with any manholes, pipes, conduits and any other appurtenances in and over and through and across and upon the easement premises. The use was obviously a major expansion, as the original use was simply for a waterline and the new use was for drainage purposes, for a sanitary sewer line for sewers and manholes, for pipes and conduits and any other appurtenances necessary to install the same. There is no evidence that Marchand accepted the invitation to accompany the appraiser and this Court finds that he did not.
On April 18, 2004, Blackstone, through its Town Administrator, wrote to Paul Marchand, individually, that it was preparing to construct the so-called Elm Street Sewer Line System Improvement, indicating that it would be necessary to obtain a permanent easement through his property, and offering a meeting to resolve the monetary issue. On May 3, 2004, the Town offered the sum of $17,500.00 and all legal expenses in regard to the transaction.
On May 3, 2004, Blackstone, though its Town Administrator, wrote to Paul Marchand, individually, re-extending the offer for the easement and indicating that if there was no response by May 20, 2004, Eminent Domain proceedings would commence. Marc-hand did not respond.
On March 15, 2005, the Town of Selectmen issued an Order of Taking. The named assessed owner was Paul T. Marchand, a/k/a Paul Marchand. His mailing address was 25 Elm Street, Blackstone, MA, which is the properly in question. The title referenced in the Order of Taking was Worcester South District Registry of Deeds Book 7767, Page 115, which is in fact the deed from Dufresne to Kay M. Licht previously referred to. Reference was also made in the Order of Taking to Worcester Probate No. 99PR0128EP1, which is in fact the Petition for Probate filed on behalf of Kay Marc-hand, Paul Marchand petitioning as Executor, and allowed on October 17, 2003. The Order of Taking was recorded in Worcester District Registry of Deeds Book 35940, Page 210 on March 23, 2005.
The Order of Taking, which issued on March 15, 2005, provided in pertinent part:
If in any instance the name of the assessed owner is not correctly stated, the names of the supposed owners being given as of this Order of Taking, it is understood that in such instance the land referred to is owned by an owner or owners unknown to us.
On July 26, 2005, surveyors entered the property to survey the easement bounds. On August 1, 2005, Ludlow Construction Company, Inc. (Ludlow), who won the bid, entered the land and began construction of the sewer main.
On August 24, 2005, this suit was initiated by the filing of a Complaint challenging the validity of the Town’s March 15, 2005 Taking.
Plaintiff filed an ex parte Motion for a Temporary Restraining Order. The Court issued a Short Order of Notice on August 23, 2005. Service of the Short Order of Notice was completed on August 24, 2005 for a hearing on the Temporary Restraining Order on August 26,2005. The Motion for a Temporary Restraining Order came before the Court for hearing on August 26, 2005. The defendant Town of Blackstone did not appear, either pro se or through counsel. The Court issued the following Temporary Restraining Order:
The defendant Town of Blackstone, its agents and/or employees, including any contractors of the Town, to cease and desist any entry onto the land titled in the name of the plaintiff and continued alteration of the topography of the land titled in the name of the plaintiff.
The Temporary Restraining Order issued and was served on August 29, 2005, with a hearing date scheduled for September 9, 2005, on the Preliminary Injunction.
Subsequently, on August 31, 2005, the defendant Town of Blackstone filed an ex parte Motion for Emergency Relief from the Temporary Restraining Order, and for a Short Order of Notice for Expedited Hearing on the Defendant’s Motion to Dissolve the Temporary Restraining Order. A Short Order of Notice was issued returnable on September 2, 2005. After hearing, both parties being present, the Temporary Restraining Order was Dissolved and a Preliminary Injunction issued as follows:
It is ordered and adjudged that until further order of the court, the application under the prayers of the Complaint is hereby granted; and the defendant Town of Blackstone, its agents, servants, attorneys and deputies are ordered as follows:
1. The Town shall cease and desist any further work on the project in question until further order of the Court;
2. The Town may have access to the disputed property at all reasonable times during the pending of this action to remove its equipment and to *27 maintain all site containment measures and to maintain the water easement.
This matter is referred to Session “D” forthwith for all issues which are not jury issues.
On September 9, 2005, an appeal was taken to a single justice in the Appeals Court resulting in the following Order:
Any review of the within by this Court prior to findings is premature; therefore the within is remanded to the trial court for written findings to be made. Due to the exigent circumstances described in the Petition, the findings are to be filed in this court on or before September 23, 2005.

DISCUSSION

The gravamen of the plaintiffs Complaint is twofold; (1) that the Estate at present holds title and was not named in the Notice of Taking; and (2) there was not technical compliance with the appropriate Notice provisions of the Eminent Domain Statute.
Kay Licht married Paul Marchand also known as PaulT. Marchand. Kay Marchand died on January 25, 1994 and was survived by her husband Paul Marc-hand, also known as Paul T. Marchand.
Her will, which was allowed for probate and under which Paul Marchand was appointed Executor on October 17, 2003, left everything to her husband. He, as Executor, was given the power to pay Estate debts and expenses. The only asset of the Estate is the real estate.
The date of the filing of the petition for the probate of will and the allowance of the will under ordinary circumstances has nothing to do with who takes a devise or a legacy. Once a will is admitted to probate, as it was in this case on October 17, 2003, the provisions of the will relate back to the death of the testator and fix title as of that date. Union Trust v. Nelen, 283 Mass. 144, 149 (1933).
Title to real properly vests in the heirs of the decedent at the date of death of the decedent. Lynde v. Vose, 326 Mass. 621, 623 (1951). That property, however, is subject to the power in the executor to sell real estate in order to pay debts and expenses. G.L.c. 202, §1. No distribution of real properly is necessary. Shrewsbury v. Murphy, 333 Mass. 290, 292 (1995). However, if there is a claim against a decedent which does not accrue within a year after the decedent’s death the claimant may present it at any time before the estate is fully administered. G.L.c. 197, §13. An estate is not fully administered until the fiduciary’s final account has been allowed. Union Market Nat’l Bank v. Gardiner, 276 Mass. 490, 495-96 (1931).
The fact that no final account has been filed affects only creditors’ rights. The fact that a final account has not been filed does not relate to the vesting of title because title vests upon the death of the decedent. Paul Marchand is the named beneficiary of the estate. He is named as the assessed owner in the Order of Taking. This Court finds that title has vested in Paul Marchand and that at the time of the Order of Taking he was the vested owner of the real estate. His argument that the estate is the current owner is misplaced.
In regard to the required 30-day Notice under G.L.c. 79, §3, that section sets forth the Notice required of a taking authority before it can direct a sheriff to forcibly obtain entry to property acquired by the taking and to which the previous owner is denying access. There is no general “notice of entry” requirement set forth in G.L.c. 79. Cities and towns are expressly exempted from the only similar notice requirement found in G.L.c. 79, §6, which requires notice to a landowner 30 days prior to a taking by a party other than the Commonwealth, county, city or town.
After complete review of all of the pleadings, and taking judicial notice of the Probate Court proceedings, and all of its filings, and a review of the law, this Court, therefore VACATES the ALLOWANCE of the Motion for a Preliminary Injunction; REAFFIRMS its ORDER Dissolving the Temporary Restraining Order; and by this ORDER DISSOLVES the Preliminary Injunction.
In regard to the remaining issues in the case, it would appear that Paul T. Marchand, Executor of the Estate of Kay Marchand, is in all likelihood not a proper party plaintiff as this Court rules that title has vested in Paul Marchand, individually a/k/a Paul T. Marchand. Therefore, there is little likelihood that Paul T. Marchand as Executor will succeed in this action. Furthermore, as to the remaining issues, there is an adequate remedy at law in the form of damages, which cán be assessed, if any, by the fact finder.
As a result of the action by this Court, it would appear that the issue before the Single Justice may now be moot. Notwithstanding, this Court files these findings with the Appeals Court so as to comply with the order of that court.

ORDER

The Court ORDERS as follows: (1) the Court REAFFIRMS its prior ORDER Dissolving the Temporary Restraining Order; (2) the Court VACATES the Allowance of the Motion for a Preliminary Injunction; and DISSOLVES the Preliminary Injunction forthwith; (3) The Order referring the case to the “D” Session is VACATED and the case shall be restored to the B Session for normal administration.

The Complaint is brought in the name of the Executor Paul T. Marchand only. He is not named in the suit individually.